STATE of Maine

v.

Kevin COLLINS.

Supreme Judicial Court of Maine.

Argued May 9, 1984.

Decided Aug. 3, 1984.

Paul Aranson, Dist. Atty., Laurence Gardner, Asst. Dist. Atty. (orally), Portland, for plaintiff.

Kettle, Carter, Hannigan & Klein, Edward W. Klein (orally), Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

Kevin Collins appeals from his convictions for possession of burglar's tools, 17–A M.R.S.A. § 403 (1983), burglary, 17–A M.R.S.A. § 401 (1983), and theft by unauthorized taking or transfer of property having a value in excess of $1000, 17–A M.R.S.A. § 353, 362(3), resulting from a jury waived trial in the Superior Court (Cumberland County). The defendant maintains that the burglar tool and the recently stolen property found in his possession should have been suppressed as fruits of an illegal investigatory stop or, alternatively, of an illegal frisk. He also asserts that the evidence was insufficient to support his burglary and class C theft convictions. We affirm the judgment.

From the evidence introduced at trial, the presiding justice would have been warranted in finding the following facts. At approximately 1:15 a.m. on the morning of February 24, 1983, Daniel Young of the Portland Police Department observed the defendant and a companion leaving a business district each carrying a white, opaque plastic bag out of the top of which a business calculator with a tape printout protruded. Officer Young had personal knowledge that the defendant was a convicted thief and burglar and a suspect in other thefts and burglaries. The officer drove his police cruiser to the side of the street and approached the two individuals. At this time he noticed the sides of the bags were bulging with square cornered objects. In response to Officer Young's inquiry as to the contents of the two bags, the defendant responded that they contained clothing. When Officer Young expressed his disbelief and requested the defendant to put down the bag, the defendant became verbally abusive. Thereupon, Officer Young called for backup units to assist him and ordered the defendant to put the bag down and to lean against a parked car. A pat down search of the defendant's outer clothing for weapons yielded a screwdriver type tool with a large, flat end. The defendant was then placed under arrest for possession of burglar's tools. Various items including four calculators, a camera, radio, tape recorder, and a telephone were found as a result of a search of the plastic bags.

Officer Young later obtained a reverse listing for the telephone number printed on the telephone. This led to the discovery of a burglary at the offices of the Portland West Neighborhood Council located on Brackett Street. Among the items discovered missing from the Council's offices were those articles found in the defendant's possession. Two typewriters, also owned by the Council, were found outside, a short distance from the building. The cord to one of the typewriters had been found in the defendant's possession at the time he was booked at the police station.

The defendant subsequently was charged with theft and burglary.

## I.

The defendant first contends that the initial investigatory stop was not constitutionally permissible and therefore all the evidence obtained as a result of the stop should have been suppressed.

▇▇▇ A stop is permissible if based upon "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *State v. Fillion*, 474 A.2d 187, 189 (Me.1984) (quoting *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968)); *State v. Griffin*, 459 A.2d 1086, 1089 (Me.1983). A showing of probable cause is not necessary to stop and question the person. *State v. Fillion*, 474 A.2d 187, 189 (Me.1984); *State v. Griffin*, 459 A.2d at 1089. Rather, if upon the totality of the circumstances the detaining officer had "a particularized and objective basis for suspecting the particular person stopped of criminal activity," the stop is valid. *State v. Fillion*, 474 A.2d 187, 190 (Me.1984) (quoting *United States v. Cortez*, 449 U.S. 411, 417–18, 101 S.Ct. 690, 694–95, 66 L.Ed.2d 621 (1981)); *State v. McKenzie*, 440 A.2d 1072, 1076 (Me.1982). The trial court's conclusion regarding the validity of the stop will be reversed only if it is clearly erroneous. *State v. Fillion*, 474 A.2d at 189–190.

▇▇▇ At the hearing on the defendant's motion to suppress, Officer Young testified that he stopped the defendant for the following reasons: (1) it was approximately 1:15 a.m. on a weekday; (2) the defendant and his companion were leaving a business district; (3) the defendant and his companion were each carrying a large plastic bag filled with items and topped by a calculator with a tape printout in plain view; and (4) he had personal knowledge that the defendant was a convicted thief and burglar. While an investigative stop cannot be made merely because the person has a criminal record, a police officer's personal knowledge of the person's past criminal activities can be properly considered as a factor justifying the officer's reasonable suspicion. *United States v. Chamberlin*, 644 F.2d 1262 (9th Cir.1980), *cert. denied*, 453 U.S. 914, 101 S.Ct. 3148, 69 L.Ed.2d 997 (1981); *United States v. Oates* 560 F.2d 45 (2nd Cir.1977). We cannot say that it was clearly erroneous for the suppression justice to find the facts relied upon by Officer Young sufficiently specific and articulate to justify the initial stop.

## II.

▇▇▇ Similarly, we do not find clearly erroneous the conclusion that the frisk was valid. When a stop is lawful, a frisk is permissible if the officer has a reasonable belief or suspicion that the person stopped is in possession of a weapon. *Ybarra v. Illinois*, 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979); *State v. Hasenbank*, 425 A.2d 1330, 1332 (Me.1981). Officer Young testified at the suppression hearing that he feared for his safety when the defendant began to yell and to become verbally abusive. At that point, Officer Young called for back up assistance and frisked the defendant. Officer Young also testified that on a prior occasion he observed a pat down search of the defendant and a companion in which a weapon was found. He was unsure, however, whether the weapon was found on the defendant or his companion. In light of Officer Young's belief that the defendant may have been armed on a prior occasion and the defendant's belligerent behavior on this occasion, it cannot be said that the officer acted unreasonably in taking preventive measures to ensure that the defendant did not possess a weapon.

## III.

▇▇▇ The defendant next asserts that the evidence was insufficient to support his burglary conviction.

Evidence supporting the trial court's findings include: (1) proof that the defend-

ant was in exclusive possession of the items recently taken from the offices of the Portland West Neighborhood Council under circumstances justifying an inference under 17–A M.R.S.A. § 361(2) (1983);[1] (2) testimony that the pry marks on the doors of the burglarized offices were consistent with marks which would be made by the tool found in the possession of the defendant; (3) evidence that footprints made by the sneakers worn by the defendant matched prints found outside the burglarized building; and (4) testimony that the defendant was not authorized to enter the Council's offices. Viewing this evidence in the light most favorable to the state, we cannot say that no trier of fact could rationally find proof of guilt beyond a reasonable doubt. *See State v. Atkinson*, 458 A.2d 1200, 1205 (Me.1983); *State v. Joy*, 452 A.2d 408, 412 (Me.1982).

### IV.

■ The defendant was also convicted of theft of property having a value greater than $1000, a class C offense. 17–A M.R.S.A. § 362(3)(A) (1983). On appeal, he asserts that because there was no direct testimony of either the market or replacement value of the articles, *see* 17–A M.R.S.A. § 352(5) (1983), the evidence was insufficient to support the presiding justice's finding of a value in excess of $1000. The Court is evenly divided on the question whether, in the absence of such direct testimony, the fact finder, on the basis of photographs and testimony as to the purchase price, age and condition of the property could determine without speculation that the value exceeded $1000.

The entry is:

Judgments affirmed.

All concurring.

---

**1.** 17–A M.R.S.A. 361(2) (1983) provides in pertinent part:

Proof that the defendant was in exclusive possession of property that had recently been taken under circumstances constituting a [theft] shall give rise to a presumption that the defendant is guilty of the theft ..., and proof that the theft ... occurred under circumstances constituting a [burglary] also shall give rise to a presumption that the defendant in exclusive possession of property recently so taken is guilty of the burglary. The defendant does not contest the sufficiency of the evidence in support of his theft conviction except as to the issue of value, a challenge which goes only to the classification of the offense.