STATE of Maine

v.

**Gardner W. FULLER.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 8, 1989.

Decided April 3, 1989.

William R. Anderson, Dist. Atty., Patricia Worth, Asst. Dist. Atty., Belfast, for plaintiff.

David M. Melesky, Winterport, for defendant.

COLLINS, Justice.

Gardner W. Fuller appeals his conviction of operating after revocation in violation of 29 M.R.S.A. § 2298 (Class C) (Supp.1988) entered on a conditional guilty plea after the Superior Court (Waldo County; *Beaulieu, J.*) denied his Motion to Suppress.

 In order to initiate an investigatory stop, a law enforcement officer must act on the basis of "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *State v. Griffin*, 459 A.2d 1086, 1089 (Me.1983). We will not disturb the trial court's finding that the intrusion was reasonably warranted unless the record on appeal establishes that the finding is clearly erroneous. *State v. LaPlante*, 534 A.2d 959, 962 (Me.1987). In the present case, Officer Lindall testified that Fuller's car approached him at approximately 6:30 p.m. on October 9, 1987 with its headlights blinking on and off four or five times within a quarter of a mile. Lindall, thinking the headlights were possibly defective, stopped Fuller to advise him to fix the headlights before getting stranded in the dark. Viewing these facts in their totality, and recognizing that the presiding justice alone passes upon the credibility and weight of the testimony and decides what inferences and deductions can reasonably be drawn therefrom, we cannot say that the Superior Court clearly erred in finding that Officer Lindall reasonably suspected that Fuller may have been in trouble. *See LaPlante*, 534 A.2d at 962 (finding that a lone car pulled over to the side of a major highway at night reasonably warranted a state trooper's inquiry).

The entry is:

Judgment affirmed.

All concurring.