**STATE of Maine**

v.

**Randy R. MEHUREN.**

Supreme Judicial Court of Maine.

Submitted on briefs June 18, 1991.

Decided July 10, 1991.

William R. Anderson, Dist. Atty. and Patricia Worth, Asst. Dist. Atty., Belfast, for the State.

Steven J. Lyman, Law Offices of Carl D. McCue, Bangor, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, COLLINS and BRODY, JJ.

GLASSMAN, Justice.

Randy R. Mehuren appeals from the judgments entered in the Superior Court (Waldo County, *Chandler, J.*) on his conditional guilty pleas on one count of operating under the influence of intoxicating liquor or drugs, 29 M.R.S.A. § 1312–B (Supp.1990), one count of unlawful possession of a scheduled drug (cocaine), 17–A M.R.S.A. § 1107 (1983 & Supp.1990), and one count of improper use of a vehicle registration plate, 29 M.R.S.A. § 2183 (1978 & Supp.1990). Mehuren contends that the District Court (Belfast, *Russell, J.*) erred in denying his motion to suppress the physical evidence and the incriminating statements obtained in a traffic stop of Mehuren's automobile. Finding no error, we affirm.

At 8:55 on the evening of July 8, 1989 a state police officer on routine patrol on Route 9 in Unity observed a car approaching in the opposite direction with its headlights unilluminated. Sunset that evening had occurred at approximately 8:25, and the officer followed and stopped the car. When the officer reached the stopped car, he observed that Mehuren, the driver of the car, had bloodshot eyes, a smell of alcohol was coming from inside the car, and there were containers of beer within the passenger compartment of the car. The officer asked Mehuren to step out of the car, walked around to the other side of the car and asked Mehuren's passenger to open the passenger door. When the door was opened, the officer saw an open kit that contained several brown vials, a straw, and a mirror resting on the seat between the passenger and the car door. Based on his personal observations and prior police experience, the officer recognized the object as a drug kit. The officer picked up the kit and asked Mehuren, "Is this what I think it is?" Mehuren responded, "Yes, it is." The officer opened the vial and discovered a white powder, later confirmed to be cocaine. When questioned further, Mehuren admitted that he had used cocaine that night and had consumed three or four drinks. The officer searched the car and also seized the containers of beer. The several field sobriety tests conducted by the officer confirmed that Mehuren was under the influence of alcohol or drugs. The officer then arrested Mehuren and informed him of his rights as required by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Mehuren was charged with one count of operating under the influence of intoxicating liquor or drugs or a combination of liquor and drugs, one count of unlawful possession of a scheduled drug, and one count of improper use of a vehicle registra-

tion plate. Mehuren filed a request for a jury trial and a motion to suppress all physical evidence seized by the police officer and Mehuren's incriminating statements to the officer resulting from the traffic stop. After a hearing at which the arresting officer was the sole witness, the District Court denied Mehuren's motion to suppress, and the case was transferred to the Superior Court for a jury trial. The Superior Court accepted Mehuren's conditional guilty pleas to all three counts, adjudged him guilty of the charged offenses, and imposed a sentence. Pursuant to M.R.Crim.P. 11(a)(2), Mehuren appeals from that judgment.

■ Mehuren contends that the District Court erred in its determination that the officer had an articulable suspicion for the traffic stop because there was no conclusive evidence that Mehuren was in violation of the statute that requires the lighting of vehicle headlights one-half hour after sunset. We disagree. We review the court's determination regarding the validity of a traffic stop for clear error. *See State v. Collins,* 479 A.2d 344, 346 (Me. 1984). In order to make a valid traffic stop an officer must have a reasonable articulable suspicion that a criminal offense is being or has been committed or that legitimate safety reasons warrant the stop. *See, e.g., State v. Pinkham,* 565 A.2d 318, 319–20 (Me.1989) (stop for unsafe driving); *State v. Fuller,* 556 A.2d 224, 224 (Me. 1989) (stop for blinking headlights). In this case, the relevant statute provides:

> The lamps and lights ... shall be lighted during the period from ½ hour after sunset to ½ hour before sunrise, and at any time when, *due to insufficient light* or unfavorable atmospheric condition, *caused by fog or otherwise,* persons in vehicles on the highway are not clearly discernible for a distance of 500 feet ahead....

29 M.R.S.A. § 1366 (1978 & Supp.1990) (emphasis added).

■ The officer testified that sunset that evening was "around 8:25," he first observed Mehuren's car at 8:55, the road where the stop occurred had no street lights, and the headlights of other cars on the road were illuminated. The officer properly believed that Mehuren was violating the provisions of the statute by driving his vehicle with unilluminated headlights during the period of time from one-half hour after sunset to one-half hour before sunrise. We find no error in the court's determination that the officer's stop of Mehuren's vehicle was based on a reasonable articulable suspicion.

■ Mehuren also contends that the court erred in its determination that the arresting officer had probable cause to conduct a warrantless search of either his vehicle or the closed vials in the kit. We disagree. An officer may conduct a warrantless search of a vehicle or a container "when the officers' personal knowledge of facts and circumstances in combination with any reasonably trustworthy information conveyed to them would warrant a prudent person to believe that the [vehicle or] container seized holds either contraband or evidence of a crime." *State v. Tarantino,* 587 A.2d 1095, 1098 (Me.1991) (citing *State v. Snow,* 527 A.2d 750, 753 (Me.1987). The record discloses that when first approaching Mehuren's vehicle the officer immediately observed signs that Mehuren was intoxicated and that the vehicle contained alcoholic beverages. Having established probable cause to believe that Mehuren was driving under the influence of intoxicating liquor, the officer was justified in asking Mehuren and his passenger to step out of the vehicle in order to facilitate the officer's search of the vehicle for evidence of that crime. Once the passenger door was opened, the officer observed in plain view an object that by its very appearance was a container used to carry drugs. *See State v. Wentworth,* 480 A.2d 751, 757 (Me.1984) (police officer's observation of visible object not "search" if officer justified in being at place of observation). The container was in plain view and its appearance gave the officer probable cause to believe it contained evidence of contraband. Accordingly, the officer was justified in seizing the kit and in opening one of the vials to determine its contents. *See*

*Arkansas v. Sanders,* 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979); *State v. Tarantino,* 587 A.2d at 1097–98; *State v. Blais,* 416 A.2d 1253, 1257 (Me.1980). *See also California v. Acevedo,* —— U.S. ——, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991) (probable cause to believe container in a car contains contraband or evidence allows warrantless search of container even in absence of probable cause to search entire vehicle).

Because we hold the trial court properly found that the officer had an articulable suspicion for the stop of Mehuren's car and probable cause for the ensuing search, we find no merit in Mehuren's contentions that his voluntary incriminating statements resulted from an illegal stop and search and that the trial court erred in denying his motion to suppress the statements.

The entry is:

Judgments affirmed.

All concurring.