On or about July 25, 1989, the plaintiff Julia Belanger was injured as a result of a motor vehicle accident with the defendant Diane E. Maynard, operator of a vehicle owned by the defendant Robert W. Warner. The plaintiff filed the instant suit in July 1991 prior to the running of the statute of limitations. The defendant moved to cite in the defendant Jamie Jacobs on September 30, 1991 and that motion was granted, Hammer, J., on October 25, 1991. Jamie Jacobs was served on November 12, 1991, appeared, and filed an answer and special defense on January 23, 1992 asserting that the action was barred by General Statutes Sec. 52-584 (no action for negligence shall be brought but within two years from the date the injuries were first sustained or discovered.) The defendant Jacobs now moves for summary judgment as the action was brought after the statute expired.
Discussion
This is a negligence case controlled by Tort Reform II, (P.A. 87-227), General Statutes Sec. 52-572h. Under the provisions of that statute, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic and noneconomic damages. (Emphasis added). In Tort Reform II, the Legislature changed subsection (c) concerning the allocation of percentages by substituting "party" for "person". Defendants in tort cases are thus forced, as were these defendants, to cite in additional parties rather than implead under General Statutes Sec. 52-102 (a) and Practice Book Sec. 117. See Snipes v. Fisher, [6 CSCR 771] 4 Conn. L. Rptr. No. 13, 416, Wagner, J. (August 5, 1991); Deveau v. Buccheri, 4 Conn. L. Rptr. No. 11, 355, Hennessey, J. (Jul. 29, 1991).
In this case, the added defendant, Jamie Jacobs, maintains that the action must fail as it is time-barred. The plaintiff, who initially never sought to add this defendant, has taken no position on this motion. The other defendants argue that to grant the motion would be the equivalent of returning to a joint and several liability posture and thus defeat the goal of Tort Reform II to apportion CT Page 5444 damages amongst all involved. In George v. Royer,5 Conn. L. Rptr. 11, 301, (December 30, 1991), Judge Pickett granted a third party defendant's motion for summary judgment based on the statute of limitations in a similar fact situation but noted that the person could be made a party pursuant to Practice Book Sec. 103 in order to determine his percentage of negligence. The defendants herein, without citing George v. Royer also maintain that if the statute of limitations is a bar, Jamie Jacobs' name should still be on the form to apportion negligence.
This court believes that Sec. 52-584 requires a finding that the action against Jamie Jacobs is barred. While sympathetic to the defendants' argument, the legislature has not seen fit to grant any exclusions or exemptions to this situation. See Battersby v. Battersby,218 Conn. 467, 470-71 (1991). This court also believes that as a result of this ruling, Jamie Jacobs may not be placed on the verdict form as Sec. 52-572h(c) only refers to parties. Having won this motion, Jamie Jacobs is no longer a party. Thus, this court departs from Judge Pickett's ruling discussed above. If the legislature intended it to be otherwise, it is up to that body to change this situation.
Conclusion
This court finds that the defendant Jacobs is entitled to judgment as a matter of law and accordingly the motion for summary judgment is granted.