[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff instituted the present action against the defendants seeking to recover damages for personal injuries claimed to have been sustained as a result of an automobile accident which occurred on June 17, 1988. Thereafter, the court granted permission to the defendants to cite in, as a defendant, Joseph Kennedy, the operator of the vehicle in which the plaintiff was a passenger at the time of the accident. The complaint against the defendant Kennedy seeks relief in the form of an assessment of the proportionate share of any recoverable damages awarded to the plaintiff pursuant to General Statutes 52-572h(c) and (d). The complaint against Joseph Kennedy was not served until April 6, 1992, well beyond the Statute of Limitations period set forth in General Statutes 2-504. Defendant Kennedy has now filed a Motion for Summary Judgment asserting that the claims against him are barred by virtue of the Statute of Limitations.
The present motion is an outgrowth of the statutes known as Tort Reform II under which a party against whom recovery is allowed is liable to the plaintiff only for the proportionate share of recoverable damages. In effect, the statute reduces the amount that a defendant may be required to pay by virtue of the negligence of another party which proximately caused the injuries. See, General statutes 52-572h. The statute in question has produced numerous decisions by the Superior Court, not necessarily in agreement, as to who may be made parties, when they may be made CT Page 8831 parties and how they should be made parties.
General statutes 52-584 provides, as follows:
 "No action to recover damages for injuries to the person or to real or personal property, caused by negligence or by reckless or wanton misconduct, or by malpractice by a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanitarium, shall be brought but within two years from the date when the injury was first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or commission complained of, except that a counterclaim may be interposed in any action any time before the pleadings in such action are finally closed." (emphasis supplied).
It is apparent that, in the present action, the accident occurred in June of 1988 and the defendant Kennedy was served as a defendant in April of 1992 well beyond the time limits set forth in General statutes 52-584. Accordingly, no action for damages may be maintained against him.
The court is aware that decisions of the Superior Court have held that the statute of Limitations asserted the in present case constitutes a defense to an action for apportionment of damages. See, Belanger v. Maynard, 7 CSCR 888 (August 3, 1992, Berger, J.). The same result was reached in George v. Rover, 5 Conn. L. Reptr. No. 11 301 (December 30, 1991), in which Judge Pickett indicated that he was prepared to act favorably upon a Motion to cite In pursuant to Practice Book 103.
Under Tort Reform II, a policy is established that each party against whom recovery is allowed shall be liable to the plaintiff "only for his proportionate share" of the damages. See General Statutes 52-572h (c). The statute of Limitations asserted in the present case, General statutes 52-584, applies to an "action to recover damages." However, the action in the present case does not seek monetary damages against the defendant Kennedy but merely asserts a claim for an assessment of the proportionate share of recoverable damages pursuant to General statutes 52-572 (h). The action in the present case in not within the specific language of General statutes 52-584 and therefore that statute does not constitute a basis for the granting of a Summary Judgment.
CT Page 8832 Accordingly, the Motion for Summary Judgment is denied.
RUSH, J.