[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS NO. 109
The plaintiff, Fernande Florian, alleges that on August 25, CT Page 8469 1990, she was a passenger in a motor vehicle which was owned and operated by the defendant, Jacob Florian. The plaintiff alleges that on this date the defendant, while operating his vehicle in New York State, lost control of said vehicle and struck a second motor vehicle which was owned and operated by Thomas and Carmella Lanzarone ("the Lanzarones"), both of whom are residents of New York State. When the plaintiff commenced this action, she chose not to bring suit against the Lanzarones. On June 9, 1993, the defendant filed a motion to cite in the Lanzarones as defendants pursuant to General Statutes 52-102, along with a cross-complaint for an apportionment of damages pursuant to General Statutes 52-572h(c) and (d). The defendant's motion was granted by this court (Ford, J.) on July 3, 1993, and a summons and cross-complaint were subsequently served on the Lanzarones.
On September 1, 1993, the Lanzarones filed a motion to dismiss the defendant's cross-complaint on the ground of lack of personal jurisdiction. The Lanzarones contend that since they are residents of New York and the accident occurred in New York, they are not within the scope of the Connecticut long-arm statute, General Statutes 52-59b.
In response, at short calendar on October 4, 1993, the defendant argued that the Lanzarones should remain in the suit as "parties" for the purpose of apportionment of liability pursuant to General Statutes 52-572h, even though the court lacks personal jurisdiction over the Lanzarones.
Connecticut courts have generally been liberal in allowing party defendants to cite in additional defendants under General Statutes 52-102 for the purpose of apportioning liability among tort-feasors pursuant to General Statutes 52-572h(c).[1] For example, in a situation where the statute of limitations would bar a plaintiff from recovering monetary damages from the additional defendant, the original defendant is still allowed to cite in the additional defendant for the purpose of apportioning liability (and reducing the amount of monetary damages attributable to the original defendant). See Brodzowski v. Southern Connecticut Gas Co., 7 Conn. L. Rptr. No. 9, 237 (September 21, 1992, Katz, J.); Kennedy v. Martinez, 7 Conn. L. Rptr. No. 12, 354, 7 CSCR 1197 (November 12, 1992, Rush, J.); Baker v. Franco, Superior Court, Judicial District of Danbury, Docket No. 307614 (November 25, 1992, Fuller, J.); George v. Roger, 5 Conn. L. Rptr. 301 (1991, Pickett, J.). Contra, CT Page 8470 Belanger v. Maynard, 7 CSCR 888, 6 Conn. L. Rptr. 553 (1992, Berger, J.), Lovely v. Simon Ford, Inc., Superior Court, Judicial District of New London, Docket No. 510027 (April 24, 1992, Hurley, J.).
In the present case the Lanzarones (cited in as additional defendants for purposes of apportioning liability) have filed a motion to dismiss which contests this court's exercise of personal jurisdiction over them on the grounds that they are New York residents who have no contacts with the state of Connecticut, and the underlying accident occurred in New York.
General Statutes 52-59b provides for personal jurisdiction over nonresident defendants in the following situations:
 (a) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual, or foreign partnership, or his or its executor or administrator, who in person or through an agent: (1) Transacts any business within the state; or (2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or (3) commits a tortious act outside the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or (4) owns, uses or possesses any real property situated within the state.
Ordinarily a plaintiff bears the burden of establishing facts pertaining to personal jurisdiction. Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 54, 459 A.2d 503 (1983). In the present case, the defendant Jacob Florian, in citing in the CT Page 8471 Lanzarones (and serving them with process pursuant to 52-59b) bears this burden. In opposing the Lanzarones' motion to dismiss, the defendant has failed to establish that minimum contacts exist between the Lanzarones and Connecticut or that the Lanzarones could be sued in a Connecticut court pursuant to52-59b.
While a court generally should allow a party defendant to cite other potential tort-feasors for the purpose of apportioning liability, in the present case the long-arm statute does not authorize the assertion of personal jurisdiction over the Lanazarones [Lanzarones] and to do so would violate constitutional principles of due process. See, e.g., Frazer v. McGowan,198 Conn. 243, 249, 502 A.2d 905 (1986).
Therefore, the Lanzarones' motion to dismiss is granted.
BALLEN, J.