[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[RULING RE: DEFENDANT'S (L M AMBULANCE)MOTION FOR SUMMARY JUDGMENT (FILE #119)]
This action was initially brought against Hartford Hospital and Dr. Peter Azar by writ, summons and complaint dated May 3, 1991. The action arises out of incidents which occurred on February 4, and 5, 1989. The revised complaint (File #106) alleges that on February 4, 1989, plaintiffs, decedent, complaining of chest pain and other symptoms was transported by ambulance from her home to Hartford Hospital where she was examined by Dr. Azar. Medication was prescribed and the patient was discharged notwithstanding continuing symptoms and requests to be admitted overnight at the hospital. It is further alleged that on February 5, 1989, plaintiffs' decedent again suffered severe symptoms and chest pains and was transported from her home to Hartford Hospital where, at approximately 11:20 AM, she was pronounced dead of arteriosclerotic heart disease. Plaintiffs allege that the death of their decedent was caused by the negligence and carelessness of the defendants (Hartford Hospital and Dr. Peter Azar) in their treatment and care of the said decedent.
On July 19, 1993, defendants Hartford Hospital and Dr. Peter Azar moved to cite in L M Ambulance, Company as an additional party pursuant to General Statutes Section CT Page 501852-102 for the purpose of an apportionment of recoverable damages under Section 52-572h. In their motion to cite in L M, defendants claimed that L M was negligent and careless in its treatment and care of the plaintiffs' decedent, and that such negligence was a substantial factor in causing her death.[1] The motion was granted on September 13, 1993, and L M was served on or about November 11, 1993.[2]
L M, appearing by counsel, has filed the instant motion for summary judgment contending that any action against it is barred by the statute of limitations. General Statutes Section 52-584 provides:
 No action to recover damages for injuries to the person . . . caused by negligence . . . shall be brought but within two years from the date when the injury was first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act . . . complained of . . .
In the present action, L M was served well beyond the time limits established by Section 52-584 the allegedly negligent conduct having occurred in February, 1989. Thus, no action for the recovery of damages can be maintained against L M. Defendants oppose L M's motion for summary judgment on the basis that monetary damages are not being sought from L M; rather, defendants claim, L M has been added merely to allow an apportioning of the original defendants' responsibility, and to ensure that they are not found liable for more than their proportionate share of any damages recovered by plaintiffs.
Connecticut Prac. Bk. Section 379 et seq. provides that any party may move for summary judgment when the pleadings are closed, and that judgment shall be rendered if the pleadings, as well as supporting documentation, (affidavits, etc.), establish that there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. [cf. Daily v. New Britain Machine Co.,] 200 Conn. 562,568-69 (1986). Summary judgment is a legal means for the disposal of cases in a more expeditious, less costly fashion. [Yanow v. Teal Industries, Inc.,] 178 Conn. 262, 269
(1979). "The summary judgment procedure is designed to eliminate the CT Page 5019 delay and expense incident to a trial where there is no real issue to be tried." [Wilson v. New Haven,] 213 Conn. 277,279 (1899). On summary judgment, the court's proper function is to apply the rules of practice and determine "whether an issue of fact exists, but not to try that issue if it does exist." Nolan v. Borkowski, 206 Conn. 495, 500 (1986); [Michaud v.Gurney,] 168 Conn. 431, 433 (1975). "Once the moving party has presented evidence in support of a summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed issue." [State v. Goggin,]208 Conn. 606, 616 (1988). A party moving for summary judgment must demonstrate that it is quite clear what the truth is, and that there does not exist any real doubt regarding the absence of any genuine issue of material fact. [State v. Goggin,] supra. The test is whether the moving party would be entitled to a directed verdict on the same facts as a matter of law. [Nolanv. Borkowski,] supra at p. 505. In short, the summary judgment motion is designed to dispose of actions in which there is no issue of any material fact. [Michaud v. Gurney,] supra at p. 433.
The issue before the court arises from legislative enactments commonly referred to as "Tort Reform II," and has resulted in a number of conflicting decisions among coordinate Superior Court judges. Decisions which have held that an alleged tortfeasor is properly cited in for the purpose of apportioning a plaintiff's recoverable damages, despite the running of the applicable statute of limitation, are generally grounded on two theories: (1) consistent with the "Tort Reform II" policy, the added party (from whom the recovery of monetary damages is time, barred) is necessary to permit an apportioning of the plaintiff's recoverable damages based upon a determination of the degree of negligence of the original defendant(s); and/or (2) since the citing in of the additional party is [solely] for the purpose of apportionment, and not for the recovery of monetary damages, it does not constitute an "action to recover damages" under Section 52-584. [See:] e.g. [Baker v. Franco, et al,] 7 Conn. L. Rptr. 622
(12/21/92); [Kennedy v. Martinez, et al,]7 Conn. L. Rptr. 354 (9/18/92); [George v. Royer,] 5 Conn. L. Rptr. 301
(11/26/91) (third party defendant's motion for summary judgment granted because third party plaintiff's claim for money damages was time barred; however, Judge Pickett observed that it would be necessary for the third party defendant to be a party for an apportionment of damages, and, that a motion to cite would be the appropriate CT Page 5020 means by which to accomplish that purpose). Other decisions, concluding that an alleged tortfeasor is [not] properly made a party to the original action (for purposes of apportionment only), when cited in subsequent to the running of the statute of limitation, are premised on the principle that notwithstanding the apportionment policy clearly established by "Tort Reform II," the Legislature did not see fit to grant any exclusions or exceptions with respect to this situation. [See:] e.g. [The Connecticut Light and Power Company v. William B. Knight,d/b/a,] CV87-0033646, Superior Court, Judicial District of Windham, December 16, 1993; [Zollner, et al v. Hamilton,et al,] 8 CSCR 447 (5/10/93); [Belanger v.Maynard,] 6 Conn. L. Rptr. 553 (7/13/92).
Sound and compelling positions can be, and have been, advanced on both sides of the issue. This court finds persuasive, and adopts, the rationale articulated in [Kennedyv. Martinez, et al,] supra. As stated in [Kennedy,] "Tort Reform II" establishes a policy that each party against whom recovery is allowed shall be liable "only for his proportionate share" of the recoverable damages. Here, money damages are not sought from L M, but L M is cited in merely for an assessment of the proportionate share of recoverable damages pursuant to Section 52-572h. Thus, the proceeding with regard to L M is [not] an "action to recover damages" within the clear and unambiguous language of Section52-584, and accordingly, is not time barred by that statutory provision. The court, in so holding, does not minimize the expressed concern that a cited in party, under such circumstances, may be required to expend considerable time and money to defend; upon reflection, however, I am disposed to concur with the court's observation in [Baker v. Franco,et al,] supra, that the additional defendant, cited in for apportionment purposes [only,] "does not have to plead or attend the trial for his percentage of negligence to be considered, but still has. the option to appear and defend against claims of negligence."
It is concluded that L M is not entitled to judgment as a matter of law; therefore, the motion for summary judgment is hereby [Denied.]
Mulcahy, J.