[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#124)]
This action arises out of a one car motor vehicle accident which occurred on November 7, 1992 in the Town of Washington. As a result of the incident, the driver of the motor vehicle, Peter Ruskin, was killed. The plaintiff, Kelly A. Ruskin as administratrix of the estate of Peter Ruskin, commenced this action against defendants, General Motors Corporation, Brady-Standard Motor Co., Mark Lyon, Matthew Sommerset, and the Town of Washington. The plaintiff alleges that at the time of the accident, Peter Ruskin was operating a 1984 Chevrolet pick-up truck and while the decedent was negotiating a turn, the vehicle veered off the road, contacted posts and a tree, and ignited into flames.
The first count of the plaintiff's complaint is directed against defendant General Motors and brought pursuant to Connecticut's Product Liability Act, General Statutes § 52-572m et seq. In this count, the plaintiff alleges that the decedent's death CT Page 4998 resulted from a design defect in his 1984 Chevrolet pick-up truck.
Count three of the plaintiff's complaint is directed against defendants Lyon and Sommerset as fire fighters for the Town of Washington. The plaintiff alleges, inter alia, that the defendants negligently failed to eliminate the vehicle fire and also negligently failed to extricate the decedent from his truck. Count five is directed against the Town of Washington and brought pursuant to General Statutes § 7-308 which holds a municipality liable for negligent actions of its firemen. In counts two, four, and six of the plaintiff's complaint, the plaintiff asserts claims for loss of consortium.
On February 9, 1994, defendant General Motors filed revised cross claims against defendants Lyon, Sommerset, and the Town of Washington. The cross claims against the three defendants are identical and state:
 If as a result of the matters alleged in plaintiff's complaint, defendant, General Motors Corporation is found liable to plaintiff, such liability being specifically denied, then defendant. . . . is liable over to General Motors Corporation by means of contribution for his proportionate share of the damages as the law and evidence may establish.
(General Motors' revised cross claims, Feb. 9, 1994, Para. 3).
The cross claim defendants, Lyon, Sommerset, and the Town of Washington, have filed a motion to strike each of these cross claims on the ground that General Motors has no right to contribution under the circumstances of the case.[1] Pursuant to Practice Book § 155, the cross claim plaintiff and the three cross claim defendants have filed memoranda of law in support of their respective positions.
"Whenever any party wishes to contest the legal sufficiency of the allegations of any. . . . cross-claim. . . . to state a claim upon which relief can be granted. . . . that party may do so by filing a motion to strike the contested pleading." Practice Book § 152. In reviewing a motion to strike, the court is limited to the facts alleged in the challenged pleading; [King v. Board of Education ofWatertown,] 195 Conn. 90, 93, 486 A.2d 1111 (1985); and must admit the truth of all facts well pleaded; [Mingachos v. CBSInc.,] 196 Conn. 91, 108, 491 A.2d 368 (1985). In deciding CT Page 4999 on a motion to strike, the court must "construe the [cross claim] in the manner most favorable to sustaining its legal sufficiency." [Michaudv. Warwick,] 209 Conn. 407, 408, 551 A.2d 738 (1988). The sole inquiry at this stage is whether the allegations [in the cross claim], if proved, state a cause of action. [Levine v. Bess and Paul SigelHebrew Academy of Greater Hartford, Inc.,] 39 Conn. Sup. 129,132, 471 A.2d 679 (1983).
Connecticut courts have consistently held that there is no right to contribution at common law. [Gomeau v. Forrest,]176 Conn. 523, 409 A.2d 1006 (1979). However, the products liability statute, § 52-572m [et seq.], has abrogated the common law rules of indemnification and contribution in the context of product liability suits where all the defendants are parties to the original action. [Kyrtatas v. Stop Shop, Inc.,]205 Conn. 694, 698-702, 535 A.2d 357 (1988). The Products Liability Act has replaced the common law rules of indemnification and contribution with a system of comparative responsibility. [Id.,] 701. General Motors and Lyon, Sommerset, and the Town of Washington, are original co-defendants named in the plaintiff's complaint. Therefore, any right of contribution from Lyon, Sommerset, or the Town of Washington, to General Motors, must exist pursuant to General Statutes § 52-572o(e). [Id.,] 698-702. That statute provides for contribution:
 If a judgment has been rendered, any action for contribution must be brought within one year after the judgment becomes final. If no judgment has been rendered, the person bringing the action for contribution either must have (1) discharged by payment the common liability within the period of the statute of limitations applicable to the right of action of the claimant against him and commenced the action for contribution within one year after payment, or (2) agreed while action was pending to discharge the common liability and, within one year after the agreement, have paid the liability and brought an action for contribution.
[General Statutes § 52-572o(e).]
General Motors cites [Malerba v. Cessna Aircraft Co.,]210 Conn. 189, 195, 554 A.2d 287 (1989) as authority for asserting its cross claims against Lyon, Sommerset, and the Town of Washington. In [Malerba] the court permitted a contribution claim and an indemnification claim between a defendant/third-party plaintiff and a third party defendant. The present case, however, involves CT Page 5000 co-defendants that were initially named by the plaintiff. [Malerba] does not control the present case because the factual circumstances and procedural postures are different. [Lopezv. General Motors,] Superior Court, Judicial District of New Haven, Docket No. 287165 (May 20, 1993, Gray, J.); [Malinowski v.Friedrich Air Conditioning Co.,] 2 Conn. L. Rptr. 228, 229-30 (August 16, 1990, Flanagan, J.); [Atlantic Mutual Insurance v. FordProducts Corp.,] 2 Conn. L. Rptr. 228 (August 20, 1990, Lewis, J.); [Hall v. Sarstedt]; Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 096190 (September 11, 1990, Flynn, J.) "[T]he preconditions of § 52-572o (e) apply only to those circumstances where a party elects to pursue an independent cause of action for contribution rather than impleading the prospectively liable third party. . . ." [Malerbav. Cessna,] supra, 195.
General Motors is cross claiming against co-defendants Lyon, Sommerset, and the Town of Washington, and is therefore attempting to pursue an independent action for contribution for what is clearly a product liability claim against General Motors. See [Hallv,[.] Sarstedt,] supra. Accordingly, the preconditions of General Statutes § 52-572o(e) do apply.
The pleadings clearly show that this case has not gone to judgment, therefore General Motors could not prove the existence of a judgment to satisfy the first prong of § 52-572o(e). General Motors could only satisfy the remaining prong of the statute by pleading that it has agreed while this action was pending to discharge the common liability, and paid the liability. General Motors, however, has not pled that such an agreement was made and paid.
For the foregoing reasons, the cross claim defendants' motion to strike each of General Motors' cross claims is granted.
RICHARD WALSH, J.