[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO CITE IN PARTY DEFENDANT(#115)
The present action arises out of an incident which allegedly occurred on March 1, 1989, in the playground of a Burger King restaurant owned and operated by the defendants, Tunxis Hill Restaurant Corporation, Mark Smith, and Burger King Corporation. The plaintiffs allege that the minor plaintiff was injured when he fell from a slide located in the playground of the Burger King restaurant. The plaintiffs assert a negligence claim against the defendants.
The defendants seek to cite in the manufacturer and installer of the slide, GameTime USA, as a party defendant for purposes of apportioning liability pursuant to General Statutes § 52-572h et seq. The plaintiffs object to the defendants' motion on the ground that the applicable statute of limitations, General Statutes § 52-584, has expired, and therefore, it would be improper to cite in GameTime USA as a party defendant.
There is a split of authority with respect to whether an alleged tortfeasor may be cited in as a party defendant for purposes of apportionment after the statute of limitations on the underlying negligence claim has expired. See, e.g., Estateof Mercado v. Hartford Hospital, 9 CSCR 609 (June 20, 1994, Mulcahy, J.) (court allowed defendant to cite in a party defendant for apportionment purposes after the running of the statute of limitations), and Wilson v. Cedarhurst RegionalHospital, 9 CSCR 529 (May 23, 1994, Sullivan, J.) (court denied defendant's motion to cite in an alleged tortfeasor after the applicable statute of limitations had expired). CT Page 10393
General Statutes § 52-584 provides in pertinent part that "[n]o action to recover damages for injury to the person caused by negligence . . . shall be brought but within two years from the date when the injury was first sustained . . . ." (Emphasis added.) However, the defendants' claim for apportionment is not an "action to recover damages" from GameTime USA. Furthermore, "`Tort Reform II' establishes a policy that each party against whom recovery is allowed should be liable `only for his proportionate share' of the recoverable damages." Estate ofMercado v. Hartford Hospital, supra, 9 CSCR 610.
Therefore, the defendants may cite in GameTime USA for purposes of apportionment of liability. The defendants' motion to cite in is granted.
BALLEN, J.