[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION OF DECISION ON MOTION FOR SUMMARY JUDGMENT
1. This is an action by the plaintiff, Fernan Ruiz, to recover money damages from the defendants, Sheri A. Savage and Beverly E. Savage, for injuries he claims to have sustained in a January 4, 1992 motor vehicle accident on Asylum Street in Hartford, Connecticut. In his one-count Complaint, which was filed with this Court on October 22, 1993, the plaintiff alleges that on the day in question, as he was riding southbound along Scarborough Street in a vehicle being driven by one Jorge Proano, the Proano vehicle entered the intersection of Scarborough and Asylum Streets and was struck by a vehicle being operated CT Page 1686 westbound along Asylum Street by defendant Sheri Savage. The plaintiff claims that the above-described accident and his resulting injuries and losses were proximately caused by the negligence of Sheri Savage,
4. . . . in that she
 (a) failed to obey a traffic control signal in violation of Conn. Gen. Stat. § 14-299.
 (b) failed to keep her vehicle under proper control with regard to the conditions then and there prevailing.
(c) failed to keep a proper lookout.
(d) failed to sound a warning.
 (e) failed to apply her brakes in time to avoid a collision.
 (f) failed to turn her vehicle to the left or right in order to avoid a collision.
As a result of Sheri Savage's alleged negligence, the plaintiff seeks money damages both from her and from the owner of her vehicle, defendant Beverly E. Savage.
2. On November 26, 1993, the defendants moved the Court under General Statutes § 52-102 to add the driver of the plaintiff's vehicle, Jorge Proano, as a party defendant to this case. The defendants' Motion to Add Party Defendant was granted by the Court, Allen, J., on January 3, 1994. Judge Allen ordered that on or before January 27, 1994, the defendants were to serve Mr. Proano with a true copy of their Motion, the Court's order granting that Motion, and the writ, summons and "Complaint Pursuant to C.G.S. § 52-102" ("Sec. 52-102 Complaint"), which were attached to their Motion. Pursuant to the Court's order, Mr. Proano was served with all of these documents on January 19, 1994.
3. In their Sec. 52-102 Complaint, the defendants CT Page 1687 allege that "[i]f the plaintiff was injured in [the subject motor vehicle] accident, as alleged in his complaint, then any injuries or damages suffered by him were caused by the negligence and carelessness of the defendant, Jorge Proano, who was operating a motor vehicle at said time and place in which the plaintiff was a passenger." Sec. 52-102 Complaint, ¶ 3. As a result of Mr. Proano's alleged negligence, the defendants claim that he
 4. . . . is liable to respond to the claim for damages set forth in the plaintiff's complaint.
Id. ¶ 4.
The defendants' original Sec. 52-102 Complaint contained no ad damnum clause. On or about May 27, 1994, however, they amended their Sec. 52-102 Complaint to include the following "Statement Re: Demand for Relief"
 The defendants Sheri A. Savage and Beverly Savage, bring this action under C.G.S. § 52-102 and seek apportionment of liability of the defendant, Jorge Proano.
4. On June 22, 1994, Mr. Proano answered the defendants' Amended Sec. 52-102 Complaint by denying all allegations of negligence against him and pleading as a special defense that the defendants' claim was barred by the applicable statute of limitations. Thereafter, on July 13, 1994, Proano moved this Court for summary judgment on the ground that there was no genuine issue of material fact as to the viability of his statute-of-limitations defense.
5. Defendant Proano supported his Motion for Summary Judgment with a Memorandum of Law and a copy of the return of the sheriff who served him with defendants' original writ, summons and Sec. 52-102 Complaint. According to the sheriff's return, Proano was not served with process in this action until January 19, 1994, exactly fifteen days after the two-year limitations period for negligence actions expired. See C.G.S. § 52-584. CT Page 1688
6. In opposition to Proano's Motion for Summary Judgment, defendants Sheri and Beverly Savage filed their own Memorandum of Law. In it, they conceded that by the time Proano was served with process, the two-year limitations period had expired, thus argued, however, that that statute does not apply to its claim against Proano, for the claim is only for apportionment. On that basis they urged this Court to deny defendant Proano's Motion for Summary Judgment so that he can remain a party to the action for the one true purpose envisioned by the authors of Tort Reform II: to allow them to reduce their own responsibility, if any, to pay damages for the plaintiff's alleged injuries and losses, by showing that these injuries and losses were proximately caused, in whole or in part, by Proano's negligence.
7. On October 24, 1994, when Proano's Motion for Summary Judgment was scheduled for oral argument, counsel for the defendants, Sheri and Beverly Savage, waived oral argument on the Motion by agreeing to let the Motion be decided "on the papers." On that very date, after considering the legal memoranda and other materials submitted in support of and in opposition to the Motion, the Court granted the Motion without opinion.
8. Counsel for the Savages thereafter moved this Court to articulate its reasons for granting Proano's Motion. Having agreed in open court to supply such an articulation, the Court respectfully states the following reasons for its decision.
9. The trial courts of this State have long debated the question here presented for decision: whether or not a person who is made a party to a negligence action for the sole purpose of apportionment of liability is entitled to summary judgment if he is not served with legal process before the two-year limitations period for negligence actions expires. As the bench and bar well know, certain judges have ruled that summary judgment is inappropriate in these circumstances because an "action for apportionment only" is not an "action to recover damages for injury to the person, or to real or personal property, caused by negligence," within the meaning of General Statutes § 52-584.See, e.g., Estate of Mercado v. Hartford Hospital, 9 CSCR 609 JD CT Page 1689 of Hartford-New Britain at Hartford, (May 5, 1994) (Mulcahy, J.);Kennedy v. Eddy Martines Gypsum Specialists and LW Supply Corporation, 7 CONN. L. RPTR. 354 18 CLT 43 (1992) (Rush, J.) . Other judges, however, have concluded that in the absence of any legislative direction to the contrary, any defendant who is impleaded into a negligence action after the running of the statute of limitations is entitled to be removed from the action entirely on the strength of his statute-of-limitations defense. See, e.g., Belanger v.Maynard, 6 Conn. L.Rptr. 553 (1992) (Berger, J.); Zollner v. Hamilton, 8 CONN. L. PRTR. 556, 8 CSCR 447 (1993) (Stanley, J.).
10. In the absence of a clear statement by our Legislature that a person who is made a party to a negligence action after the running of the statute of limitations must remain in the action until its conclusion despite his valid statute-of-limitations defense, this Court is persuaded that such a defense, if timely interposed and properly supported, must be honored by the granting of his motion for summary judgment. In reaching this conclusion, the Court explicitly relies on the reasoning of Judges Berger and Stanley in their Belanger
and Zollner decisions, and adds the following reasons of its own.
First, at common law there was no action in negligence for apportionment of damages. Hence, any statute claimed to give rise to such an action must be strictly construed, for it is in derogation of common law.
Second, the statute here claimed to have authorized the filing of actions for apportionment only, General Statutes § 52-102, does not do so on its face despite the defendants' claim to the contrary. Neither the apportionment statute itself, General Statutes § 52-572h, nor the statute permitting the citing in of new parties. General Statutes § 52-102, makes any suggestion that a person cited into a negligence action for apportionment purposes will have any different risks, rights or reasons for remaining in the action than any other party. It must therefore be presumed that our Legislature intended no such differentiation between cited-in parties and other parties to negligence actions. CT Page 1690
Third, and with special reference to the negligence statute of limitations, Tort Reform II does nothing to modify the applicability of that statute to negligence actions in which apportionment of damages is sought. Had the Legislature, by passing Tort Reform II, intended to amend the negligence statute of limitations, it could easily have done so. It could, for example, have extended the statute of limitations for all cited-in defendants for a fixed period of time after the original return day. Or, it could have partially abrogated the statute by requiring that cited-in parties, like settled and released persons, remain in the action until its conclusion, albeit without being exposed to suffering a judgment against them. However, it took neither of these actions. As a result, cited-in parties to negligence actions were left with the same rights and remedies in those actions as all other parties thereto. Because those rights include the unqualified right to interpose a timely defense under the statute of limitations, the Court must honor that defense whenever it is properly presented.
11. In this case, the cited-in defendant, Jorge Proano, has clearly and unequivocally established that the claim of negligence against him is barred by the applicable statute of limitations because, in the language of the statute itself, the instant action was not "brought [against him] . . . within two years from the date when the [plaintiff's] injury [w]as first sustained." Conn. Gen. Stat. § 52-584. Accordingly, the Court concludes that his Motion for Summary Judgment must be granted.