[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I. FACTS
By complaint returned on January 31, 1995, the plaintiff commenced this slip and fall action in negligence. He alleges that on or about February 18, 1993, he was a tenant at the premises located at 567 North Main Street, Bristol, Connecticut. The named defendants, Marianne and Steven Przondo (hereafter the "defendants") were two of the owners of the property at that time. The plaintiff alleges that in exiting the building, he walked down the driveway where he slipped and fell on snow and ice that had accumulated due to the defendants' negligence. The defendants moved to serve a complaint seeking apportionment on Suzann Beckett (hereafter the "apportionment defendant"), allegedly the court-appointed receiver for the property at the time, which was granted on October 30, 1995. The apportionment complaint was served on Suzann Beckett with a return date of April 2, 1996. On May 30, 1996, the plaintiff mailed a "cross complaint" to the apportionment defendant. The apportionment defendant responded to the cross-complaint on June 30, 1996, with an answer and special defenses.
Subsequently, on July 9, 1996, the apportionment defendant filed a motion to strike the cross-complaint and a memorandum of law in support of that motion. The motion to strike was not opposed. On the same day, the apportionment defendant filed a motion for summary judgment and a memorandum in support of it, arguing that the expiration of the statute of limitations on the plaintiff's underlying negligence claim precludes the defendant from holding her liable for apportionment purposes. CT Page 7890
II. MOTION TO STRIKE
The apportionment defendant has moved to strike the plaintiff's "cross-complaint" on the following grounds: that a cross-claim may only be litigated by parties on the same side of the main litigation; that the statute of limitations on the plaintiff's negligence claim against the apportionment defendant has expired and therefore bars the plaintiff's suit; and that Public Act 95-111 is not applicable to this January, 1995, action.
The purpose of the motion to strike is to challenge to the legal sufficiency of the allegations in an opponent's complaint. R.K. Constructors, Inc. v. Fusco Corp., 231 Conn. 381,650 A.2d 153 (Citations omitted) (1994). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Waters v. Autori, 236 Conn. 820 (1996). "The Court must construe the facts in the complaint most favorably to the plaintiff." Id. The motion admits all facts well pleaded. Bouchard v. People's Bank, 219 Conn. 465, 471,594 A.2d 1073 (1991).
The apportionment defendant's motion to strike must fail for procedural reasons. "Practice Book § 112 dictates the order of pleadings in a civil case.[1] A motion to strike a complaint must precede the defendant's answer to that complaint." (Footnote from original omitted; footnote added.) Wilson v.Hryniewicz, 38 Conn. App. 715 (1995)." Pursuant to Practice Book § 113, the filing of any pleading provided for by the preceding section . . . waive[s] the right to file any pleading which might have been filed in due order and which precedes it in the order of pleading provide in that section.'" Id. The plaintiff served its "cross-complaint" against the apportionment defendant by mail on May 30, 1996. The apportionment defendant answered the complaint on June 13, 1996. It was not until July 9, 1996, that the apportionment defendant filed her motion to strike, after she had answered the complaint. Since her answer preceded the motion to strike in violation of Practice Book §§ 112 and 113, the apportionment defendant's motion to strike is denied.
III. MOTION FOR SUMMARY JUDGMENT
The apportionment defendant has moved for summary judgment against the defendant on the theory that the defendant's CT Page 7891 apportionment complaint against her is barred by the statute of limitations for negligence on the underlying action, which expired prior to her being cited in. The defendant opposes the motion for summary judgment on the theory that the apportionment complaint is not time-barred.
"`The standards governing our review of a trial court's decision to grant a motion for summary judgment are well established. Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law . . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact.'" (Citations omitted; internal quotations marks omitted.) Doty v.Mucci, 238 Conn. 800, 805-06 (1996). "Summary judgment may be granted where the claim is barred by the statute of limitations." Id.
There is no controversy over which statutes govern the question of apportionment in matters where the statute of limitations would ordinarily bar the action of a plaintiff against an apportionment defendant. "Section 52-102 is the proper vehicle for a defendant to bring negligent non-parties into the action . . . ." Connecticut Light Power v. Knight,
Superior Court, judicial district of Windham, Docket No. 033646 (Potter, J., December 16, 1993, 9 CSCR 70). "`What is now Connecticut General Statutes § 52-572h abolishes the common law rule for no contribution among joint tortfeasors and provides for allocation of fault among them and apportioning any award of damages consistent with their degree of fault.'" McKeeverv. Papcun, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 036153 (Jones, J., July 19, 1991). (Quoting Lombardi v. Johnstone, 4 CSCR 386 (April 17, 1989, Healey [State Trial Referee]). "General Statutes §§ 52-102 and52-572h establish a statutory scheme to allow a defendant to have a person named as a co-defendant, even over the objection of the plaintiff, if that person is potentially liable to the plaintiff . . . ." (Citation omitted.) Connecticut Light CT Page 7892Power, supra.
"As Judge Rush aptly stated in Kennedy v. Martinez. . . , § 52-572h `has produced numerous decisions by the Superior Court, not necessarily in agreement, as to who should be made parties, when they should be made parties and how they should be made parties.'" Baker v. Franco, Superior Court, judicial district of Danbury at Danbury, Docket No. 307614 (Fuller, J., November 25, 1992). "The problems that have arisen as a result of this apportionment scheme are legion. Although superficially clear, the statute has fostered as much litigation as it was designed to curb." Gee v. Skarupa, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 306993 (Pittman, J., Dec. 20, 1993).
One approach to the problem of apportionment in negligence cases circumvents the statute of limitations altogether by holding that the statute of limitations does not apply to the apportionment action. The relevant statute of limitations in negligence cases requires that "no action to recover damages
for injury . . . caused by negligence, or by reckless or wanton misconduct . . . shall be brought but within two years from the date when the injury is first sustained or discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of . . . ." (Emphasis added.) General Statutes § 52-584. Courts following this approach theorize that "the Statute of limitations would not prevent the assertion of . . . a claim seeking apportionment of fault, only, because it is not an action to recoverdamages." (Brackets omitted; internal quotation marks omitted; emphasis added). Cardoso v. Cardoso, Superior Court, judicial district of Waterbury, Docket No. 106057 (Sylvester, J., July 29, 1994, 9 CSCR 917). See also, Douglas v. Dawson, Superior Court, judicial district of New Haven at New Haven, Docket No. 033874 (Hartmere, J., June 16, 1995); Aldave v. Feigenbaum,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 510902 (Corradino, J., September 13, 1994);Estate of Mercado v. Hartford Hospital, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 395650 (Mulcahy, J., May 5, 1994, 9 CSCR 609); Kennedy v.Martinez, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 109524 (Rush, J., September 17, 1992,7 CSCR 1197).
This court finds that the better view holds that "`if CT Page 7893 as a matter of law judgment cannot be entered against a person, he cannot be retained as a party in the plaintiff's suit.'"Peabody v. Carline GMC Leasing Corporation, Superior Court, judicial district of New London at New London, Docket No. 533420 (Hurley, J., February 1, 1996) (quoting from Wilson v.State, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 386668 (Sullivan, J., April 13, 1994)). "To allow an immune person to be retained in the suit for the sole purpose of reducing the debt through illusory `apportionment' would be precisely contrary to the clear mandate of the legislature in enacting Public Act 87-227 Tort Reform II." Id. "[I]n the absence of any legislative direction to the contrary, any defendant who is impleaded into a negligence action after the running of the statute of limitations is entitled to be removed from the action entirely on the strength of [her] statute of limitations defense. See e.g., Belanger v.Hamilton, 8 Conn. L. Rptr. 553 (1992) (Berger, J.); Zollner v.Hamilton, 8 Conn. L. Rptr. 556, 8 CSCR 447 (1993) (Stanley, J.)."Ruiz v. Savage, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 530783 (Sheldon, J., February 17, 1995,13 Conn. L. Rptr. 510). This analytical approach is proper because "at common law there was no action in negligence for apportionment of damages. Hence, any statute claimed to give rise to such an action must be strictly construed, for it is in derogation of common law." Id. "Had the legislature, by passing Tort Reform II, intended to amend the negligence statute of limitations, is could easily have done so;" id; but it did not. See also Zollner v. Hamilton, Superior Court, judicial district of New Haven at New Haven, Docket No. 325267 (Stanley, J., April 2, 1993, 8 CSCR 447) (granting apportionment defendant's motion for summary judgment); LumberMutual Insurance Co. v. Holmes, Superior Court, judicial district of Tolland at Rockville, Docket No. 55508S (Bishop, J., November 28, 1995 denying motion to cite in on the same grounds); Gee v. Skarupa, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 306993 (Pittman, J., December 20, 1993, 9 CSCR 11169) (same); Connecticut Light Powerv. Knight, supra.
To find otherwise would open the door to a host of potential problems. The apportionment defendant's opportunity to provide a zealous defense "diminishes significantly with the passage of time." Connecticut Light Power v. Knight, supra.
There is also a "likelihood that such [attempts at apportionment after the statute of limitations has run] are in fact meritless attempts to avoid liability." Id. Further, the question remains, CT Page 7894 as to the apportionment defendant cited in for purposes of allocating fault only, whether and to what extent she should be represented. Is her attorney ethically bound to zealously advocate under that circumstance? At what cost to the apportionment defendant? Is the attorney liable for malpractice if the client decides not to put on a defense? If an apportionment defendant does not zealously defend herself, must the plaintiff bear the burden and expense of defending the apportionment defendant so to fend off a reduction in his damage award that could result from the apportionment defendant's acquiescence? The "plaintiff cannot be expected, at his peril, to be the champion of the rights of theoretical `defendants.'"Wilson v. State, supra.
Finally, Public Act 95-111 is of no effect in this matter. The parties conceded at the hearing on these motions that it does not apply in the instant case.
Therefore, for the reasons stated, because the action against this apportionment defendant commenced after the statute of limitations on the underlying negligence claim had expired, and the applicable standards of substantive law require it, the motion for summary judgment in favor of the apportionment defendant is granted.
ROBERT F. STENGEL JUDGE, SUPERIOR COURT