[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION TO CITE IN PARTY DEFENDANTS
This case involves a three car motor vehicle accident which occurred on July 3, 1990 on the entrance ramp to I-95 at exit 11, in Darien. The plaintiff, the driver of the second vehicle, CT Page 5243-L was allegedly struck in the rear by the third vehicle, a truck driven by the defendant Whittelaw and owned by the other named defendants Martin Bonsagnori d/b/a New England Horticultural Services and New England Horticultural Services a/k/a New England Horticultural, Inc., [hereafter "named defendants"]. The named defendants have moved to add the operator and owner of the first vehicle as party defendants, claiming negligence on the part of the operator for stopping the vehicle on the entrance ramp. The named defendants rely on C.G.S. 52-572h(c) in support of their motion. Section 52-572h(c) provides, in pertinent part:
 In a negligence action to recover damages from personal injury. . . occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of one or more party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable. . . damages . . . .
This language has been read on numerous occasions to allow a defendant to have another person named as a party defendant if that person is potentially liable to the plaintiff. See, e.g., Brozdowski v. Southern Connecticut Gas Co., 7 Conn. L. Rptr. No. 9, 237, 238 (September 21, 1992) (Katz, J.); Pierce v. Delaney,7 Conn. L. Rptr. No. 12, 349 (October 12, 1992) (Reilly, J.); McKeever v. Papcun, 4 Conn. L. Rptr. 303 (1991) (Jones, J.); Deveau v. Buccheri,4 Conn. L. Rptr. 280 (1991) (Hennessey, J.); Howard v. Capellan, 2 Conn. L. Rptr. 68 (1990) (Maloney, J.). These courts have concluded that other potentially liable persons are to be deemed necessary parties pursuant to C.G.S. 52-102[1] since under C.G.S. 52-572h(c), as revised effective October 1, 1987, defendants cannot have their liability reduced in proportion to the liability of any other person unless that person is made a party to the action.
In their Motion to Cite in Party Defendants, the named defendants have set forth four specifications of negligence. Further, the named defendants have supplied a portion of the plaintiffs deposition dated October 27, 1992, to support their motion in which the plaintiff asserted that "[t]he woman who caused the accident . . . was ahead of me. I went after her and there was a truck right behind me," (page 18), "this woman came to a complete stop. " (page 26) The named defendants rely on the deposition transcript as evidence of the potential negligence of the driver and owner of the first car. This suffices for the purpose of a motion to add defendants. Baker v. Franco, 7 Conn. L. Rptr. No. 21, 622, 624 CT Page 5243-M (November 25, 1992) (Fuller, J.).
The named defendants seek an order from this court directing the plaintiff to amend her complaint to state facts showing the interest of the proposed defendants. This court agrees, however, with Judge Fuller's reasoning in Baker v. Franco, at 624, that "[t]here is no compelling reason why the plaintiff must amend the complaint at the defendant's request." Moreover, since the statute of limitations in which to bring an action for damages against the proposed defendants has already run[2] C.G.S. 52-284, it is appropriate for them to be added as parties to this action only to the extent of assessment of the proportionate share of recoverable damages under C.G.S. 52-572h(c) and (d), if they are shown to be negligent. See Kennedy v. Martinez, 7 Conn. L. Rptr. No. 12, 354 (October 12, 1992) (Rush, J.); McKeever v. Papcun,4 Conn. Law Rptr. at 304.
Sections 52-102 and 52-103, see footnote 1 supra., provide ample authority for the court to order the proposed defendants added as parties to this action. Moreover, the burden should be on the moving party to cause a copy of the court's order to be served by writ of summons upon the proposed defendants, along with a copy of the plaintiff's complaint and any answer they have filed thereto. The service of process will cause the proposed defendants to become parties to the suit. Baker v. Franco, 7 Conn. L. Rptr. at 624, citing Goodrich v. Alfred, 72 Conn. 257, 261 (1899). Further, the moving defendants, if they choose, can amend their answer to the plaintiff's complaint to assert the negligence of the added defendants.[3] If any of the specifications of negligence against the added defendants are then proven, any damages attributed to the moving defendants may be reduced accordingly. "The additional defendant[s] [do] not have to plead or attend the trial for [their] percentage of negligence to be considered, but still [have] the option to appear and defend against the claims of negligence." Baker v. Franco, 7 Conn. L. Rptr. at 624.
Accordingly, the motion to cite in Beverly S. Carroll and Samuel A. Schreiner, Jr. as party defendants to this action, in a manner consistent with this opinion, is granted.