[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action arises out of a multiple-vehicle accident which occurred on December 16, 1989. On November 1, 1990, the plaintiff, Thomas M. Brown, brought a negligence action against Charles L. Ill, the defendant and third-party plaintiff. The plaintiff's revised complaint, filed on March 18, 1991, alleges that Brown, while driving on I-95, sustained injuries as a result of a collision with Ill. The plaintiff alleges that Ill's vehicle struck another vehicle operated by Joan K. Carhart, the cited-in defendant, and spun out of control, causing a collision between Ill and Brown. Ill's motion to cite Carhart as a defendant pursuant to Practice Book 52-102 was granted on March 18, 1991.
Ill's cross-claim alleges that the accident occurred when Carhart, who was driving ahead of Ill, slammed on her brakes, causing Ill to hit his brakes and skid into another lane. Ill further alleges that if he was negligent, Carhart was also, so he is entitled to an allocation of responsibility. On August 15, 1991, Carhart filed an answer and special defenses which were amended on December 18, 1991. Carhart asserts that Brown is barred by the statute of limitations from bringing an action against her, that Brown was contributorily negligent, and that any settlement that Brown receives should be reduced by the amounts received from collateral sources. CT Page 6665
On November 11, 1992, Carhart moved for summary judgment (#127) as to the cross-claim on the grounds that she is not a proper party to the lawsuit, having been impliedly released by Brown, and that paragraph (b) of Ill's prayer for relief, which is for contribution, is outside the ambit of General Statutes 52-572h. In support of her motion, Carhart submitted a copy of Quinones v. Ruemmele, 5 Conn. L. Rptr. 392 (December 20, 1991, McGrath, J.), a case in which the court did not allow a defendant to join a party who had already entered into a settlement agreement with the plaintiff.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wadia Enterprises v. Hirschfeld, 224 Conn. 240, 247, 618 A.2d 506 (1992). A material fact is one that will make a difference in the result of a case. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578, 573 A.2d 699 (1990). "The test is whether a party would be entitled to a directed verdict on the same facts." Id.
"[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact. . ." Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 780-81,595 A.2d 334 (1991). However, if the evidence presented is sufficient, it is "not rebutted by the bald statement that an issue of fact does exist." Hammer v. Lumberman's Mutual Casualty Co., supra, 579. In deciding such a motion, the court must view the evidence in the light most favorable to the non-moving party. Connecticut Bank Trust Co. v. Carriage Lane Associates, supra.
Carhart first argues that she is not a proper party to the action because she is only in the action by way of Ill's cross-complaint and "pursuant to the expressed use of the term `released' in C.G.S. 52-572h(d), [Brown's] failure to sue [her] within the appropriate limitation period constitutes an implied release." Ill, in response, claims that subsection (n) of 52-572, which defines released parties, "only applies to persons who have received an explicit settlement or release." Ill further argues in his opposition to the motion that Carhart is necessary for a complete determination of the issues involved in the case, and is therefore a proper party for the apportionment of liability.
General Statutes 52-572h(d) makes reference to "settled or released persons under subsection (n)," and Carhart claims that CT Page 6666 she is such a party, having been "impliedly released." However, subsection (n) provides in relevant part that:
 A release, settlement or similar agreement entered into by a claimant and a person discharges that person from all liability for contribution, but it does not discharge any other persons liable upon the same claim unless it so provides.
Carhart is, therefore, not a settled or released party under subsection (n), since she never entered into any type of agreement with Brown, nor did she pay Brown a settlement of the claim. Four of the five cases which Carhart cites in support of her argument do not apply to her case, since they involved parties who did enter into a settlement agreement with plaintiffs. The remaining case, McKeever v. Papcun, 4 Conn. L. Rptr. 303 (July 19, 1991, Jones, J.), refers to an "impliedly released" party as one not sued by the plaintiff within the statute of limitations. However, this case does not lend support to Carhart's argument, since the court concluded that 52-102 required the joining of potentially liable persons as defendants whether or not they were "impliedly released" if they were necessary for a complete determination of liability. Id. Carhart's argument that she was impliedly released is legally insifficient [insufficient], as such a construction of the word "released" in 52-572 was used by one court, in dicta, and subsection (n), which defines a released party as one who entered into an agreement, is controlling.
Furthermore, it is found that Carhart is a proper party to the action for purposes of apportionment of liability. General Statutes 52-572h(c) [Tort Reform II] provides that:
 In a negligence action to recover damages resulting from personal injury, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages except as provided in subsection (g) of this section. (Emphasis added.)
Under Tort Reform II, a defendant's liability can be reduced only in proportion to other parties to the action. Thus, for a defendant to assure that he be held liable for no more than his CT Page 6667 proportionate share of the plaintiff's damages, all tortfeasors, other than released or settled persons, must be joined in this action.
In this case, Carhart, a nonparty defendant, was brought into the action by Ill, a defendant, pursuant to General Statutes 52-102, which allows joinder of necessary parties and states that such parties "shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein. . . . ." General Statutes 52-102a
provides in relevant part that: "[a] defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." As stated above, 52-572h(c) provides for the apportionment of damages only among parties, and Ill's motion to cite in Carhart made her a defendant in the plaintiff's action, and therefore apportionment is proper.
Carhart's second argument in support of her motion for summary judgment is that even if she is a proper party to the lawsuit, Ill does not seek relief within the ambit of 52-572h in paragraph (b) of his prayer for relief, where he requests contribution. Such relief, however, is within the ambit of 52-572h. Ill's claim for contribution may be premature, but it is within the ambit of 52-572h, since subsection (h)(1) provides on relevant part that: "[a] right of contribution exists in parties who, pursuant to subsection (g) of this section are required to pay more than their proportionate share of such judgment." However, "[u]nder 52-572h(g), a party is entitled to contribution only after judgment." Knapik v. Hanson, 6 CTLR 392 (May 20, 1992, Cofield, J.). The fact that a contribution claim is premature is properly addressed in a motion to strike rather than a motion for summary judgment.
In summary, Carhart is not a released party within the meaning of 52-572h)(n) and she is a proper party to the action for purposes of apportioning liability. Carhart has failed to show that she is entitled to judgment as a matter of law and, accordingly, her motion for summary judgment is denied.
So Ordered.
Dated at Stamford, Connecticut, this day 22 of July, 1993.
WILLIAM BURKE LEWIS, JUDGE CT Page 6668