[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Paul J. Yamin for plaintiff.
Gager Henry for defendant.
Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.
(Citations omitted; internal quotation marks omitted.) Connell v.Colwell, 214 Conn. 242, 246-47, 571 A.2d 116 (1990).
In regard to defendant Record's argument that defendant Cardoso improperly relied on the impleader statute to join him as a CT Page 6830 defendant, although the complaint served on defendant Record is entitled a "third-party complaint," the pleading seeks apportionment of fault between the two defendants, pursuant to General Statutes § 52-572h, rather than indemnification. In addition, defendant Cardoso obtained the permission to join defendant Record pursuant to a motion to add a party, which expressly referred to General Statutes § 52-102. Accordingly, defendant Record's motion for summary judgment is denied on this ground.
Both parties to this motion agree that the statute of limitations had expired as to defendant Record prior to the filing of the third party complaint. Defendant Record notes that General Statutes § 52-102 provides that "no person who is immune from liability shall be made a defendant in the controversy." Defendant Record argues that he is immune from liability because the statute of limitations has run against him and, therefore, he cannot be joined as a defendant to this action under General Statutes § 52-102.
However, "[t]he word immunity generally imports the concept of an `exemption' from liability. . . . The fact that a claim may be barred by the application of a statute of limitations cannot be regarded as an exemption of liability." Vinci v. Sabovic,8 Conn. L. Rptr. 495 (March 16, 1993, Rush, J.) (granting motion to cite in a defendant for purposes of apportionment after the statute of limitations has run). In addition, General Statutes § 52-584 provides that "[n]o action to recover damages for injury" shall be brought unless it is brought within the applicable time period. "Accordingly, the Statute of Limitations would not prevent the assertion of . . . a claim [seeking apportionment of fault, only,] because it is not an `action to recover damages.'" Krynitsky v.Dietiker, 8 Conn. L. Rptr. 537 (March 26, 1993, Rush, J.), quotingKennedy v. Martinez, 7 Conn. L. Rptr. 354 (October 12, 1992, Rush, J.); see also Estate of Mercado v. Hartford Hospital, Superior Court, Judicial District of Hartford, Docket No. 395650, (May 5, 1994 Mulcahy, J.) (denying cited in defendant's motion for summary judgment based on statute of limitations defense, where claim was for apportionment only) Brown v. Ill,8 CSCR 844 (July 21, 1993, Lewis J.) (a claim for apportionment of fault may he brought against a defendant not cited in until after the applicable statute of limitations has expired); see also Bulley v.Tettelbaum, 8 CSCR 996 (September 7, 1993, Higgins, J.) (granting motion to cite in defendant for purposes of apportionment after applicable statute of limitations had expired); Tedesco v.Whittelaw, 8 CSCR 662 (June 21, 1993, Lager, J.) (same proposition);George v. Royer, 5 Conn. L. Rptr. 301, 302 (November CT Page 6831 26, 1991, Pickett, J.) (same proposition); but see Zollner v.Hamilton, 8 Conn. L. Rptr. 556 (April 2, 1993, Stanley, J.) (granting summary judgment based on statute of limitations defense brought by defendant who was cited in for purposes of apportionment after the statute of limitations had run); Belangerv. Maynard, 6 Conn. L. Rptr. 553, 554 (June 25, 1992, Berger, J.) (same proposition). The court holds that a claim for apportionment of fault is not barred by the statute of limitations. Accordingly, the court denies defendant Record's motion for summary judgment.
Sylvester, Judge.