[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Thomas F. Upson for plaintiff.
Murphy and Karpie for defendant.
The plaintiff Ronald G. Barrett initiated this action against the defendants Louis P. and Mary Ann Scozzafava, alleging that he was injured while cutting wood on a table saw at the Scozzafavas' premises. The plaintiff, a student at the Warren F. Kaynor Vocational-Technical School (Kaynor), alleges that at the time of the injury he was participating in an off-campus educational project performed by Kaynor carpentry students. CT Page 10058-K The plaintiff alleges that his injury was caused by the Scozzafavas' negligence in failing to provide a hand guard for the table saw, which he was cutting wood with and which was owned by them, failing to provide adequate supervision, and failing to provide adequate instruction for the use of said table saw.
The Scozzafavas, pursuant to General Statutes § 52-102, successfully moved to cite in as a necessary defendant Kaynor, claiming apportionment of damages under General Statutes § 52-572h, because Kaynor may be directly liable for all or part of the plaintiff's claim. On April 28, 1994, the court, Sylvester, J., granted the motion to cite in and ordered the Warren F. Kaynor Vocational-Technical School to be made an additional defendant. Kaynor was served a copy of the plaintiff's complaint against the Scozzafavas and a copy of the motion to cite in. The Scozzafavas allege in the motion to cite in served on the defendant Kaynor that the plaintiff's injuries were caused by the negligence of Kaynor's agents and instructors who were responsible for supervising the students participating in the carpentry project performed at the Scozzafavas' residence. It should be noted that the plaintiff has also filed a claim against Kaynor and its agents pursuant to General Statutes § 4-141 et seq.
The defendant Kaynor has moved to dismiss the action against it on the ground of sovereign immunity. It argues that, as a state school, any negligence claim against it or its officers and agents is barred by the doctrine of sovereign immunity. The Scozzafavas argue that they are not seeking monetary damages from the defendant Kaynor, but rather, they argue Kaynor was cited into the case solely for the purposes of apportionment pursuant to General Statutes § 52-572h, because that statute allows apportionment only among parties.
A challenge to the court's jurisdiction is raised by a motion to dismiss. Park City Hospital v. Commission on Hospitals andHealth Care, 210 Conn. 697, 702, 556 A.2d 602 (1989). [A]s soon as the jurisdiction of the court to decide an issue is called into question, all other action in the case must come to a halt until such a determination is made." Gurliacci v. Mayer, 218 Conn. 531,544-45, 490 A.2d 509 (1991). "The defense of sovereign immunity may he raised in a motion to dismiss an action against the state." Duguay v. Hopkins, 191 Conn. 222, 227, 464 A.2d 45
(1983).
Suits against the state, and public institutions of the state such CT Page 10058-L as regional vocational schools, are barred by the doctrine of sovereign immunity. See Barde v. Board of Trustees, 207 Conn. 59,64, 539 A.2d 1000 (1988) (regional community colleges are state public institutions and in suit against community college, real party in interest is the state). "In its pristine form, the doctrine of sovereign immunity would exempt the state from suit entirely, because the sovereign could not be sued in its own courts. . . ."Doe v. Heintz, 204 Conn. 17, 31, 526 A.2d 1318 (1987). However, the supreme court has recognized three exceptions to sovereign immunity: (1) when the state has expressly waived its immunity by means of legislation; (2) when a plaintiff claims declaratory or injunctive relief against the state based on a substantial claim of a violation of the plaintiff's constitutional rights; and (3) when a plaintiff claims declaratory or injunctive relief based on a substantial claim that a state official acted in excess of his statutory authority. Id., 31-32. Clearly, the present case does not fall within the second or third exceptions. The claims of apportionment against Kaynor allege the negligence of Kaynor's agents and employees. Under General Statutes § 4-165, a claim for damage or injury caused by an officer of the state while acting within the scope of his employment must be brought under the procedures for asserting claims against the state under General Statutes § 4-141 et seq. General Statutes § 4-165 "expressly bars suits upon claims cognizable by the claims commissioner [pursuant to General Statutes § 4-165] except as he may authorize."Doe v. Heintz, supra, 204 Conn. 35-36. The plaintiff has filed a claim in accordance with General Statutes § 4-141 et seq. Kaynor argues that General Statutes § 52-102 and § 52-572h do not operate as a waiver of sovereign immunity, and the claim for apportionment is therefore barred. Kaynor notes that General Statutes § 52-102(2) expressly prohibits the citing in of a defendant who is immune from liability. However, General Statutes § 4-165 provides for the waiver of sovereign immunity at the discretion of the claims commissioner and, thus, sovereign immunity operates as a bar to those suits against state employees where the commissioner has not waived sovereign immunity. See McKinley v.Musshorn, 185 Conn. 616, 621, 441 A.2d 600 (1981) (waiver of sovereign immunity under General Statutes § 4-165 "is discretionary with the claims commissioner"). Although the doctrine of sovereign immunity bars the assertion of claims or causes of action against the state, or its officials; Doe v. Heintz, supra,204 Conn. 31; "a claim for apportionment does not constitute a `cause of action' and the defendant could not have brought a separate action to secure such relief." Torres v. Mejias, 7 CSCR 1006
(July 20, 1992, Wagner, J.) CT Page 10058-M
In Santos v. Housatonic Lumber, Superior Court, judicial district of Waterbury, Docket No. 107749 (February 26, 1993, Sullivan, W.J.), this court was faced with a similar scenario. In Santos, the plaintiff was injured while participating in a school project with her carpentry class at Kaynor, similar to the project involved in the present case. The plaintiff was injured when a scaffolding collapsed onto her and she brought an action against the supplier of the lumber used to construct the scaffolding, Housatonic Lumber. Housatonic successfully moved to cite in Kaynor as a defendant, and the plaintiff was ordered to amend her complaint to allege Kaynor's interest in the suit. The accident was allegedly caused by the negligence of Kaynor's employee, the instructor responsible for supervising the project in which the plaintiff was participating. Kaynor moved to dismiss the action based on the doctrine of sovereign immunity. This court held that "the plaintiff would have been able to bring a suit against the state pursuant to § 4-165, alleging the negligence of its employee, [the Kaynor employee responsible for supervising the project]. Since the state was not originally immune from suit, it may be kept in this suit for the purpose of apportioning liability." Id.
In addition, under General Statutes § 52-572h, apportionment is only permitted among actual parties to the action. See Howardv. Cappellan, 2 Conn. L. Rptr. 68 (July 12, 1990, Maloney, J.). The purpose of the apportionment provisions of Tort Reform II, General Statutes § 52-572h, was to eliminate the doctrine of joint and several liability and provide a system whereby a party is liable only for his proportionate share of damages. See Baker v.Franko, 7 Conn. L. Rptr. 622, 624 (November 25, 1992, Fuller, J.) (clear intent and policy of tort reform is that defendant should only be saddled with the portion of damages caused by his negligence);Lombardi v. Johnstone, 4 CSCR 386 (April 17, 1989, Healey, S.T.R.) (Tort Reform II established system of liability in proportion defendant's share of fault). The absence of Kaynor in the action will prohibit the apportionment of fault among the Scozzafavas and Kaynor, potentially rendering the Scozzafavas liable for the entire share of the plaintiff's damages. Such a result would frustrate the purposes of Tort Reform II, and would impose joint and several liability on the Scozzafavas.
Kaynor, however, cites to a line of cases holding that a person against whom recovery is not allowed may not be joined as a party for the purposes of apportionment. In Gee v. Skarupa,9 CSCR 80 (January 31, 1994, Pittman, J.), cited by Kaynor, the CT Page 10058-N defendant allegedly ran a stop sign on a city street in Bridgeport, colliding with a car driven by the plaintiff. The defendant attempted to cite in the City of Bridgeport for the purposes of apportioning liability, claiming that the accident was caused in part by a defective road condition. The plaintiff did not bring an action against the City of Bridgeport based on the defective road condition. The court denied the motion to cite in the City of Bridgeport, holding that General Statutes § 52-572h allows apportionment among only those parties against whom recovery is allowed. In coming to this conclusion, the court relied on subsection (c) of § 52-572h, which dictates that "if damages are proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable [damages]. (Emphasis added.) The court focused on the clause "against whom recovery is allowed," and concluded that "the parties who are defendants in the action must all be ones against whom recovery is otherwise allowable." Id., 81; see also Belcherv. Agency Rent-A-Car, 9 CSCR 463, 464 (April 13, 1994, Sheldon, J.) (same proposition).
This narrow reading of subsection (c) ignores the purpose of Tort Reform — i.e., to provide a system whereby a party is only liable for his proportionate share of damages — and overlooks the other relevant provisions of General Statutes § 52-572h. A statute should not be interpreted to thwart its purpose. Builders ServicesCorp. v. Planning Zoning Commission, 208 Conn. 267, 276,545 A.2d 530 (1988). "When construing a statute, [the court does] not interpret some clauses in a manner that nullifies others, but rather read[s] the statute as a whole and so as to reconcile all parts as far as possible." (Citations omitted; internal quotation marks omitted.) Statewide Grievance Committee v. Rozbicki,211 Conn. 232, 241, 558 A.2d 986 (1989).
General Statutes § 52-572h(c) requires apportionment "if the damages are caused by more than one party," not "more than one party [against whom recover is allowed]." Also, § 52-572h(d), in providing the formula for determining each parties' proportionate share of damages, requires the recoverable damages to be multiplied by a fraction, the numerator of which represents the individual party's percentage of negligence, the denominator of which represents the percentage of negligence attributable to "all parties whose negligent actions were a proximate cause of the injury," less the percent attributable to the plaintiff. (Emphasis added.) CT Page 10058-O
In addition, pursuant to General Statute 52-572h(F)(4), the finder of fact is required to specify "the percentage of negligence that proximately caused the injury . . . in relation to one hundred per cent, that is attributable to each party whose negligent actions were a proximate cause of the injury . . . including settled or released persons." (Emphasis added.) This clause is not limited by the terms "against whom recovery is allowed," but rather, it requires the apportionment of negligence between all parties who proximately caused the injury. Therefore, subsection (f)(4) requires the negligence of all parties who proximately caused the injury to be considered when determining each party's percentage of negligence, regardless of whether or not recovery is allowable against that party. This assures that a party will not be responsible for a portion of damages attributable to a person against whom recovery is not allowed. As noted above, the apportionment provisions of 52-572h(c) are triggered when the damages are caused "by more than one party." The latter clause of subsection (c), by apportioning the recoverable damages between those parties against whom recovery is allowable, however, harmonizes the tort reform statute with other existing defenses, such as the statute of limitations or parental immunity, and assures that these defenses still prohibit recovery even though the negligence of a party benefiting from such a defense is still considered in determining each party's percentage of negligence.
This result has been followed in a majority of Superior Court cases that have allowed a defendant to be joined for the purposes of apportioning fault, even though recovery against that particular defendant is barred by such defenses as the statute of limitations or parental immunity. See Vinci v. Sabovic,8 Conn. L. Rptr. 495
(March 16, 1993, Rush, J.) (granting motion to cite in a defendant for purposes of apportionment after the statute of limitations has run); Krynitsky v. Dietiker, 8 Conn. L. Rptr. 537
(March 26, 1993, Rush, J.) (holding that the expiration of the statutory period provided by General Statutes § 52-584 does not prevent assertion of a claim for apportionment); Kennedy v. Martinez,7 Conn. L. Rptr. 354 (October 12, 1992, Rush, J.) (same);Estate of Mercado v. Hartford Hospital, Superior Court, judicial district of Hartford, Docket No. 395650, (May 5, 1994 Mulcahy, J.) (denying cited in defendant's motion for summary judgment based on statute of limitations defense, where claim was for apportionment only); Brown v. Ill, 8 CSCR 844 (July 21, 1993, Lewis J.) (a claim for apportionment of fault may be brought CT Page 10058-P against a defendant not cited in until after the applicable statute of limitations has expired); Bulley v. Tettelbaum, 8 CSCR 996
(September 7, 1993, Higgens, J.) (granting motion to cite in defendant for purposes of apportionment after applicable statute of limitations had expired); Tedesco v. Whittelaw, 8 CSCR 662
(June 21, 1993, Lager, J.) (same proposition); George v. Royer,5 Conn. L. Rptr. 301, 302 (November 26, 1991, Pickett, J.) (same proposition); but see Zollner v. Hamilton, 8 Conn. L. Rptr. 556
(April 2, 1993, Stanley, J.) (granting summary judgment based on statute of limitations defense brought by defendant who cited in for purposes of apportionment after the statute of limitations had run); Belanger v. Maynard, 6 Conn. L. Rptr. 553, 554 (June 25, 1992, Berger, J.) (same proposition).
In Bueno v. Duva, 7 CSCR 919, 920 (July 9, 1992, Fuller, J.) the parent of a minor plaintiff brought the action on behalf of his minor child, claiming injuries sustained when the minor struck by the defendant's automobile, and on the was behalf, claiming reimbursement of his child's medical bills. The defendant filed a counterclaim against the plaintiff-parent, alleging that the parent was comparatively negligent for failing to supervise the child, and seeking apportionment of damages claimed by the child. The plaintiff moved to strike the portion of the counterclaim seeking apportionment on the ground that such a claim was barred by the doctrine of parental immunity because under the doctrine the child could not assert the parent plaintiff's negligence. In holding that the parent's negligence could be considered for apportionment in the action by the minor child the court held that General Statute § 52-572h requires the trier to determine the percentage of negligence attributable to the claimant and the percentage of negligence attributable to each party whose negligent actions were a proximate cause of the injury. In addition, section 52-572h(c) provides that "each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic" and noneconomic damages. This suggests that the negligence of the parent is considered (provided the parent is a party) when a trier determines the percentages of negligence under subsection (f) and the proportional share of damages for which the defendant is liable under subsection (d), even though the child cannot recover against the parent because of the parental immunity doctrine. . . . The negligence of the parties will be considered at the trial regardless of the counterclaim to the extent provided by section 52-572h. CT Page 10058-Q
See also Haims v. Omni Fitness Equipment Specialists,8 CSCR 268 (February 18, 1993, Fuller, J.) (holding that defendant can apportion liability with a parent who is a party to the child plaintiff's action, even though parent is immune under doctrine of parental immunity).
Accordingly, the court finds that General Statutes § 52-572h
allows for apportionment among parties against whom recovery may not be allowed. Even though a claim for damages against Kaynor must be brought pursuant to General Statutes § 4-165, Kaynor may be in this case for the purposes of apportionment. Accordingly, Warren F. Kaynor Vocational-Technical School's Is motion to dismiss is denied.
Sullivan, Judge