[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO CITE IN PARTY DEFENDANT
The issue presented is whether the defendants should be allowed to cite in a party defendant, for apportionment only, regardless of whether the Statute of Limitations may have run as to that party.
FACTUAL BACKGROUND
On September 30, 1992, the plaintiff, Ruth Douglas, on behalf of her son, Marquis Douglas, filed a twelve count complaint against the defendants, Alfred Dawson, Executive Dodge, Orlor Inc., Alton Thomas Jr., and the New Haven Bus Service. The plaintiff seeks to recover damages for injuries suffered by her son who was hit by a vehicle driven by Alfred Dawson, when Dawson drove around a bus and hit the plaintiff's son as he crossed Dixwell Avenue. Immediately before he was hit, the plaintiff's son had exited a bus that was bringing children home from a day camp at Albertus Magnus College. The defendants, Executive Dodge, Alfred Dawson and Orlor filed an answer and three special defenses on October 14, 1992. The defendants New Haven Bus Service and Alton Thomas filed an answer and special defense on November 4, 1993.
On March 27, 1995, the New Haven Bus Service and Alton Thomas Jr. filed a "Joint Motion To Cite In Party Defendant", which is presently before the court. The two defendants argue that Albertus Magnus should be brought in as a party defendant because it failed to ensure the safety of the passengers on the bus, who were returning from a day camp at the college. The defendants seek to cite in the college for apportionment purposes, so that its liability will be taken into consideration when liability is apportioned pursuant to General Statutes § 52-572h.
The plaintiffs filed an objection to the defendants' motion to cite in Albertus Magnus on April 10, 1995. The plaintiffs argue that the motion should be denied because the statute of limitations has run against Albertus Magnus and the plaintiffs could not CT Page 7118 recover against them. The plaintiffs also argue that they are aware of no Connecticut case that has allowed a claim for apportionment after the limitations period contained in General Statutes § 52-577 has run. Therefore, the plaintiff argues that the motion to cite in Albertus Magnus as a party should be denied.
DISCUSSION
General Statutes § 52-102 provides that "no person who is immune from liability shall be made a defendant in the controversy." The question in this case is whether Albertus Magnus is immune from liability for purposes of the statute because of the Statute of Limitations. The plaintiff argues that the college is immune, but the defendant contends that the college maybe cited in for apportionment purposes.
There is a split of authority in the Superior Court as to whether to grant a motion to cite in a party defendant for apportionment purposes only, when the statute of limitations has run against that party. See Krynitsky v. Dietiker,8 Conn. L. Rptr. 537 (March 26, 1993, Rush, J.) (statute of limitations does not bar a claim of apportionment when no money damages sought);Vinci v. Sabovic, 8 Conn. L. Rptr. 495 (March 16, 1993, Rush, J.) (statute of limitations does not constitute a defense to a claim of apportionment asserted against cited-in defendants when no money damages are sought); see also Zollner v. Hamilton,8 Conn. L. Rptr. 556
(April 2, 1993, Stanley, J.) (granting summary judgment based on the statute of limitations defense brought by the defendant who was cited in for purposes of apportionment after the statute of limitations had run); Belanger v. Maynard, 6 Conn. L. Rptr. 553, 554 (June 25, 1992, Berger, J.) (same reasoning).
Cases that have allowed a party to be cited in when the statute of limitations has run have found that a passing of the statute of limitations does not make the party immune from liability. "The word immunity generally imports the concept of an exemption from liability. The fact that a claim may be barred by the application of a statute of limitations cannot be regarded as an exemption of liability. In addition, General Statutes § 52-584
provides that no action to recover damages for injury shall be brought unless it is brought within the applicable time period. Accordingly, the Statute of Limitations would not prevent the assertion of a claim seeking apportionment of fault, only, because it is not an action to recover damages." (Citations and internal quotation marks omitted). Cardoso v. Cardoso, 9 CSCR 917, (July CT Page 7119 29, 1994, Sylvester, J.).
The cases which permit the citing in of a party defendant for apportionment purposes only reflect the better rule. The plaintiff should not be allowed to recover more against the defendant in this action by a finding that the statute of limitations has run against Albertus Magnus than the plaintiff could recover if Albertus Magnus were a party for apportionment purposes. Accordingly, this court will hold that a party is not "immune from liability" pursuant to General Statutes § 52-102 simply because the statute of limitations has run against it. Therefore, the motion to cite in Albertus Magnus College will be granted.
CONCLUSION
Based on the foregoing, the Joint Motion To Cite In Party Defendant (#119) is granted.
So ordered.
Michael Hartmere Judge of the Superior Court