[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant's motion to cite in (#129) and motion to implead (#130) are granted.
The claim that an action is barred because the statute of limitations has lapsed must be pleaded as a special defense. See Practice Book § 164; Forbes v. Ballaro, 31 Conn. App. 235, 239,624 A.2d 389 (1983); Mac's Car City, Inc. v. DeNigris, 18 Conn. App. 525,528, 559 A.2d 712, cert. denied, 212 Conn. 807, 563 A.2d 1356
(1989). Additionally, numerous superior courts have allowed a defendant to be joined in an action for purposes of apportionment even though recovery against the defendant is barred by the statute of limitations. See, e.g., Estate of Mercado v. Hartford Hospital,
9 CSR 609 (June 20, 1994, Mulchay J.); Vinci v. Sabovic,8 Conn. L. Rptr. 495 (March 16, 1993, Rush, J.); Brown v. Ill, 8 CSCR 844
CT Page 12110 (July 21, 1993, Lewis, J.). Furthermore, Public Acts 1995, No. 95-111, § 1(b), which does not apply to the present the action as it was filed prior to July 1, 1995, provides that a claim for apportionment is not barred by the statute of limitations as long as it is filed in accordance with the requirements of such section.
KARAZIN, J.