[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO CITE INADDITIONAL DEFENDANTS.
I. FACTS/BACKGROUND
On May 6, 1994, the plaintiff, Lumber Mutual Insurance Company, commenced this action to recover damages paid to its insured, the Link Corporation, as a result of a fire at the insured's premises. The complaint alleges that on or about May 30, 1992, the defendant, Ward Holmes, negligently performed welding activities which ultimately caused the fire.
On December 16, 1994, the defendant filed a "Motion For Leave To Cite In Party Defendants" which is presently before this court. The defendant argues that the plaintiff's complaint should be amended to include South Windsor Fire Captain David Papp and the Town of South Windsor Fire Department as co-defendants because Captain Papp failed to properly investigate and extinguish the fire which occurred on May 30, 1992. The defendant further alleges that, as a result of Papp's negligence, the fire either restarted or continued to burn on the following day, CT Page 13081 resulting in the Town of South Windsor Fire Department returning to the premises on May 31, 1992 to extinguish the blaze. Accordingly, the defendant argues that Captain Papp's negligence substantially contributed to the subsequent fire occurring on May 31, and that Papp's negligence was a substantial factor in causing the injuries suffered by the Link Corporation and ultimately by the plaintiff.
The defendant seeks to cite in Captain Papp and the Town of South Windsor for the apportionment of liability pursuant to Connecticut General Statutes sections 52-102 and 52-572h.[1]
On January 5, 1995, the plaintiff filed an objection to the defendant's motion to cite in additional parties, arguing that the court should deny the motion because the expiration of the; applicable statute of limitations, Conn. Gen. Stat. sec. 52-584,[2]
renders the additional defendants immune from liability and consequently, not susceptible to being cited in.
The issue presented is whether the defendant should be permitted to cite in additional parties solely to apportion liability even though the running of the statute of limitations precludes a direct claim against those parties.
II. DISCUSSION
Superior court cases are divided as to whether to grant a motion to cite in a party defendant only for apportionment purposes when the statute of limitations has run against that party. Compare Estate of Mercado v. Hartford Hospital, 9 CSCR 609
(May 5, 1994, Mulcahy, J.) (allowing additional party for apportionment purposes only); Barret v. Scozzafara,9 Conn. L. Rptr. 1220 (December 12, 1993, Sullivan, J.) (adding party to apportion damages despite running of statute of limitations);Vinci v. Sabovic, 8 Conn. L. Rptr. 495 (March 16, 1993, Rush, J.) (holding statute of limitations no defense to claim of apportionment asserted against cited-in defendant) with Zollnerv. Hamilton, 8 CSCR 447 (April 2, 1993, Stanley, J.) (granting defendant's summary judgment motion based on statute of limitations defense brought by defendant who was cited in for purposes of apportionment after running of statute of limitations); ConnecticutLight Power v. Knight, Superior Court, judicial district of Windham, Docket No. CV870033646S (December 16, 1993, Potter, J.) (denying motion to cite in additional defendants after running of statute of limitations); Belanger v. Maynard, 6 Conn. L. Rptr. 533 (August CT Page 13082 13, 1992, Berger, J.) (running of statute of limitations precludes citing in additional party defendants).
This court agrees with the reasoning of those cases which have held that the running of the statute of limitations precludes a defendant from joining additional defendants for apportionment purposes pursuant to General Statutes section52-572h.
"Although the apportionment of damages may be the ultimate goal pursuant to tort reform, it seems economically unsound to force a third-party defendant to defend or continue to defend in an action absolutely barred by the statute of limitations."Zollner v. Hamilton, 8 CSCR 447, 447 (April 2, 1993, Stanley, J.). Moreover, as of dates pertinent to this litigation, the legislature had failed to grant an exclusion or exemption to this situation. "If the legislature intended it to be otherwise, it is up to that body to change the situation." Belanger v. Maynard,6 Conn. L. Rptr. 533 (August 13, 1992, Berger, J.).
In fact, by subsequent legislation the General Assembly has addressed the underlying issue. Public Act 95-111 which took effect on July 1, 1995, and is applicable to any civil action filed on or after that date, deals with the potential conflict between the strict enforcement of General Statute section 52-572h
and the preclusionary effects of the statute of limitations by abrogating any statute of limitations defense if the proposed defendant is cited in within 120 days of the return date of the original complaint and the original defendant does not have a similar defense.
Both the parties and the court agree that the Act does not apply to the present action which was filed on May 6, 1994. The Act is relevant, however, because the legislature failed to mandate that courts retroactively apply the Act to cases pending prior to July, 1, 1995. If the legislature intended to allow a party to cite in additional defendants after the running of the statute of limitations in actions pending prior to the enactment of the Act, it would have said so. Absent legislative language indicating retroactivity of the Act, the Act is presumed not to be retroactive. Consequently, the defendant's motion to cite in additional parties is time barred.
The applicable statute of limitations in the present case is two years, pursuant to General Statutes section 52-584. Thus, no CT Page 13083 action against Captain Papp or the Town of South Windsor could have been brought after two years from the date the plaintiff discovered the injury. The defendant filed the motion to cite in the additional defendants on December 16, 1994, more than two years after the fire occurred and, assumedly, the plaintiff first discovered the injuries. Accordingly, the statute of limitations precludes an action for damages against Captain Papp and the Town of South Windsor.
Because Captain Papp and the Town of South Windsor are immune from liability, this court holds that they cannot be cited in as additional defendants to apportion liability pursuant to General Statutes section 52-102.
The motion to cite in Captain David Papp and the Town of South Windsor is denied.
Bishop, J.