[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Cynthia Vandemark (Vandemark), brought this action by complaint, dated May 2, 1994, against the defendant, Robert Noce (Noce), Executor of the Estate of Anna Noce, for damages sustained on September 16, 1992, when Vandemark fell on property owned by Anna Noce. The one-count complaint sounds in negligence due to Noce's alleged failure to maintain the property in suitable condition.[1] Noce has filed an answer and the special defense of comparative negligence, and discovery has commenced.
On September 22, 1995, Noce filed a motion to join a party defendant pursuant to Practice Book § 52-102.[2] The person Noce seeks to be made a party is Victor Echeandia, the alleged tenant of Anna Noce who was in possession of the premises at the time of the incident.
In his memorandum in support of the motion, Noce argues that pursuant to Tort Reform II, set forth in General Statutes § 52-572h
as amended by P.A. 87-227, "a defendant's liability is apportioned only among parties whose negligent actions were a proximate cause of the personal injury . . . rather than among all persons whose negligent actions were a proximate cause of the damages." Defendant's brief in support, p. 2, relying on McKeeverv. Papcun, 4 Conn. L. Rptr. 383, 384 (August 5, 1991, Jones, J.) Noce contends that he is entitled to implead Echeandia regardless of the fact that the statute of limitations has run against Echeandia. It is uncontested that Vandemark would be unable to proceed against Echeandia, since the incident took place on CT Page 2221 September 16, 1992, and the two-year limitations period set forth in General Statutes § 52-584 has thus expired.
In her brief in opposition, Vandemark cites several Superior Court cases in which it has been held that a third-party action has been barred as untimely. Vandemark also argues that Noce has known since the filing of the complaint that Echeandia was a tenant living on the premises in question, and that his attempt at this late juncture to file a third-party action after the expiration of the statute of limitations is merely "an attempt to avoid responsibility." Finally, Vandemark argues that the language of § 52-102 specifically precludes a party who is "immune from liability" from being made a party; thus, she argues, the expiration of the statute of limitations against Echeandia renders him "immune" and unable to be made a party to this action.
General Statutes § 52-102 provides, in part: "Upon motion made by any party or nonparty to a civil action, the person named in the party's motion or the nonparty so moving, as the case may be, . . . (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein; provided no person who is immune from liability shall be made a defendant in the controversy."
The court takes notice of the fact that there is a split of authority at the Superior Court level as to whether third parties may be brought into an action solely for apportionment purposes once the statute of limitations has run against the proposed third party. See, e.g., Estate of Mercado v. Hartford Hospital9 CSCR 609 (May 5, 1994, Mulcahy, J.) (finding that statute of limitations is not a bar to an apportionment claim; thus, summary judgment denied); Cardoso v. Cardoso, 9 CSCR 917 (July 29, 1994, Sylvester, J.) (same, citing Superior Court authority on both sides); Douglas v. Dawson Superior Court, Judicial District of New Haven at New Haven, Docket No. 338748 (June 16, 1995, Hartmere, J.) (granting defendant's motion to cite in third party for apportionment purposes). But see Wilson v. State,11 Conn. L. Rptr. 376 (April 13, 1994, Sullivan, J.) (denying motion to implead third-party defendant for apportionment purposes);Littlejohn v. Johnson, 10 Conn. L. Rptr. 151 (October 1, 1993, Hurley, J.) (granting summary judgment on statute of limitations grounds against third-party tortfeasor).
Notwithstanding the decisions of various Superior Courts on CT Page 2222 both sides of the issue, this court believes the better-reasoned view, and that which embodies the intent of the legislature when enacting Tort Reform II is that which allows a third-party tortfeasor to be made a party for the limited purpose of apportionment. Since an apportionment claim is not a claim for damages; Stropparo v. Woodlot Associates 13 Conn. L. Rptr. 287
(January 12, 1995, Hendel, J.); it seems apparent that the language of General Statutes § 52-584 does not apply.Krynitsky v. Dietiker, 8 Conn. L. Rptr. 537, 538 (March 26, 1993, Rush, J.); Kennedy v. Martinez 7 Conn. L. Rptr. 354 (September 18, 1992, Rush, J.). Thus, the expiration of the statute of limitations does not prevent Noce from citing in Echeandia solely for apportionment purposes.
As to Vandemark's argument regarding Echeandia's alleged immunity due to the expiration of the statute of limitations, this argument is unpersuasive. While one court has found that the expiration of the statute of limitations makes a person "immune" from liability; Patt v. Freedom Rent-a-Car, Superior Court, Judicial District of New London, Docket No. 508674 (October 4, 1991, Purtill, J.); other courts have held that the expiration of the limitations period does not render a person exempt from liability within the general meaning of the term "immunity." See, e.g., Vinci v. Sabovic, 8 Conn. L. Rptr. 495 (March 16, 1993, Rush, J.); Cardoso v. Cardoso, supra. Thus, the expiration of the statute of limitations does not bar an apportionment claim against a third-party tortfeasor.
Accordingly, the court grants Noce's motion to join Echeandia in the action for apportionment purposes only in accordance with General Statutes § 52-102 and 52-572h, as amended by Tort Reform II.
Stodolink, J.